TAXPAYERS ALLIED FOR CONSTITUTIONAL
TAXATION v WAYNE COUNTY

Docket No. 98987. Argued April 6, 1995 (Calendar No. 14). Decided
August 22, 1995.

David Pochmara brought an action in the Wayne Circuit Court
for himself and in the name of Taxpayers Allied for Constitu-
tional Taxation, an unincorporated association, and for other
members of a potential class, against Wayne County, alleging
that Wayne County Resolution 81-37, which increased the rate
of the real property transfer tax, violates § 31 of the Headlee
Amendment. Const 1963, art 9. The court, John R. Kirwan, J.,
granted summary disposition for the defendant because the suit
did not comply with the statutory limitation period. The Court
of Appeals, NEFF, P.J., and MARILYN KELLY and WHITE, JJ.,
affirmed in an opinion per curiam (Docket No. 139564). The
plaintiffs appeal.

In an opinion by Justice BOYLE, joined by Chief Justice
BRICKLEY, and Justices LEVIN, CAVANAGH, RILEY, and MALLETT,
the Supreme Court held:

The Headlee Amendment claim of this taxpayer accrued at
the time he paid the tax in question, requiring reversal of the
judgment of the Court of Appeals and remand to the circuit
court for further proceedings.

A cause of action for a refund of the real property transfer
tax accrues at the time the tax is due. In this case, the
pertinent wrong is the imposition or actual assessment of the
tax in an amount exceeding the constitutional limit. The
plaintiff's contention that the limitation period destroys the
rights guaranteed taxpayers under the Headlee Amendment
distorts the effect of the limitation period. Far from destroying
the right, it merely restricts the remedies available. Taxpayers
cannot obtain refunds for past tax payments exceeding the
constitutional limit that they did not dispute within one year of
the date assessed. The constitutional right does not disappear,
however, because they retain the right to prevent future viola-
tions of their rights. The one-year limitation period is a reason-
able restriction designed to protect the fiscal integrity of gov-
ernmental units that otherwise might face the prospect of

losing several years' revenue from a tax that had previously been thought to comply with Headlee restrictions.

Reversed and remanded.

Justice WEAVER, concurring in the result only, stated that the period of limitation of MCL 600.308a(3); MSA 27A.308(1)(3) is unconstitutional, and 1980 PA 413, Resolution 81-37, is void ab initio for failure to comply with the voting requirements of the Headlee Amendment, Const 1963, art 9, §§ 25-34.

The Headlee Amendment provides that property taxes, other local taxes, and state taxation and spending may not be increased above the limitations specified in the amendment without direct voter approval. Nowhere within the ten sections comprising the amendment is it stated that a tax imposed in violation of the constitution would become valid one year after its enactment. The Legislature cannot amend the constitution by the simple expedient of enacting a statute.

203 Mich App 537; 513 NW2d 202 (1994).

*Macuga, Swartz & Liddle, P.C.* (by *Peter W. Macuga, II*), for the plaintiffs.

*Miller, Canfield, Paddock & Stone, P.L.C.* (by *Jay B. Rising, Kevin J. Moody, and Dean M. Altobelli*), for the defendant.

Amicus Curiae:

*Frank J. Kelley,* Attorney General, *Thomas L. Casey,* Solicitor General, and *Paul J. Zimmer,* Assistant Attorney General, for the Attorney General.

BOYLE, J. The plaintiff[1] filed suit in 1991 alleging that an increase in the real property transfer tax adopted in 1981 violates the Headlee Amendment. The circuit court granted defendant's motion for summary disposition on the basis that the suit did not comply with the statutory limitation

---

[1] Throughout the opinion, we refer to "plaintiff" in the singular because the only identified plaintiff is David Pochmara. The proposed class has not been certified, and the record contains no information about the unincorporated association.

period. The Court of Appeals affirmed. We reverse the decision of the Court of Appeals.

I

In 1981, the Legislature amended § 4 of the real estate transfer tax act, MCL 207.504; MSA 7.456(4), authorizing any county with a population in excess of two million to increase the tax from fifty-five to seventy-five cents per $500 of value. On February 19, 1981, the Wayne County Board of Commissioners passed a resolution increasing the tax for property transfers within Wayne County to the new statutory limit effective April 1, 1981. This measure was not submitted to a popular vote.

David Pochmara, the proposed class representative, contends that he sold property in Wayne County and paid the increased real property transfer tax. On January 11, 1991, he filed suit in Wayne Circuit Court alleging that Wayne County Resolution 81-37, which increased the rate of the tax, violates § 31 of the Headlee Amendment.[2] That section prohibits local governments "from levying any tax not authorized by law or charter when this section is ratified or from increasing the rate of an existing tax above that rate authorized by law or charter when this section is ratified, without the approval of a majority of the qualified electors of that unit of Local Government voting thereupon."

Defendant Wayne County moved for summary disposition on the basis that the suit was not filed within one year of the date the cause of action accrued, which was either March 31, 1981, the effective date of the state statute authorizing the increase, or April 1, 1981, the effective date of

2 The "Headlee Amendment" is the popular name for Const 1963, art 9, §§ 25-34.

Resolution 81-37. See MCL 600.308a(3); MSA 27A.308(1)(3). The Wayne Circuit Court granted defendant's motion. Plaintiff appealed and the Court of Appeals affirmed. 203 Mich App 537; 513 NW2d 202 (1994). We granted plaintiff's application for leave to appeal. 447 Mich 1041 (1994).

II

The circuit court ruled that the plaintiff's suit is barred by the limitation period contained in MCL 600.308a(3); MSA 27A.308(1)(3). Section 308a(1) provides that actions brought "under section 32" of the Headlee Amendment[3] "may be commenced in the court of appeals, or in the circuit court in the county in which venue is proper . . . ." The limitation period is found in § 308a(3):

> A taxpayer shall not bring or maintain an action under this section unless the action is commenced within 1 year after the cause of action accrued.

The plaintiff's complaint seeks three types of relief:

> (a) declaratory relief under Art IX, § 31 of the Michigan Constitution stating that Wayne County Resolution 81-37 . . . is a new tax and was not approved by a majority of the qualified electorate

---

[3] Const 1963, art 9, § 32 provides as follows:

Any taxpayer of the state shall have standing to bring suit in the Michigan Court of Appeals to enforce the provisions of Sections 25 through 31, inclusive, of this Article and, if the suit is sustained, shall receive from the applicable unit of government his costs incurred in maintaining such suit.

within the State of Michigan or the County of
Wayne; and

(b) an injunction restraining Defendant, Wayne
County from continuing to assess, levy and collect
the amended Real Estate Transfer Tax from the
Plaintiffs.

(c) refund of all monies paid by Plaintiffs pursu-
ant to the increase in the amount of the amended
Real Estate Transfer Tax . . . .

We analyze the time of accrual separately for each
type of relief sought.

A

CLAIM FOR A REFUND

A cause of action for a refund of the real prop-
erty transfer tax[4] accrues at the time the tax is
due.[5] By statute, a cause of action accrues at the
time of the "wrong":

Except as otherwise expressly provided, the pe-
riod of limitations runs from the time the claim
accrues. The claim accrues at the time provided in
sections 5829 to 5838, and in cases not covered by
these sections the claim accrues at the time the
wrong upon which the claim is based was done
regardless of the time when damage results. [MCL
600.5827; MSA 27A.5827.]

In this case, the pertinent wrong is the imposition

[4] Because the only issue before us is whether the statute of limita-
tion bars plaintiff's claim, we assume without deciding that a cause of
action for a refund is available.

[5] For the real property transfer tax, unlike some other taxes, the
date the tax is due will necessarily be the date the tax is paid,
because payment appears to be a condition of registering title. See
MCL 207.502; MSA 7.456(2) ("[t]here is imposed, in addition to all
other taxes, a tax upon the following written instruments executed
within this state when said instrument is recorded").

or actual assessment of the tax in an amount exceeding the constitutional limit.[6]

Statutory limitation periods for suits seeking refunds from other taxes also reflect that a cause of action for a tax refund accrues at the time the tax is due. For example, MCL 205.27a(6); MSA 7.657(27a)(6) provides that "a claim for refund based upon the validity of a tax law based on the laws or constitution of the United States or the state constitution of 1963 shall not be paid unless the claim is filed within 90 days after the date set for filing a return."

The defendant's assertion that "individual injury is not an element of a section 31 claim," ignores the distinctions between the different types of claims for relief. The claim for a refund could not have accrued at the time the ordinance was enacted because the wrong giving rise to the right to a refund had not yet occurred.[7]

---

[6] Our choice of words does not reflect a belief that the resolution at issue violates the Headlee Amendment, but only the fact that we must assume that a remedy is available for purposes of determining when the cause of action seeking that remedy accrued and thus whether it is time-barred.

Although this lawsuit will proceed, the outcome is far from preordained. The record indicates that the plaintiffs have not yet moved to certify their class, and that the trial court has not ruled on other defenses raised by the defendants.

Given that neither the circuit court nor the Court of Appeals has decided any of the underlying issues, and that neither party has asked us to decide any of these issues, it would be premature and unwise, to say the least, for an appellate court without either arguments or a record concerning the merits of the underlying dispute to decide that dispute.

[7] In fact, the only type of Headlee claim that would accrue at the time the resolution is passed is a claim brought merely on behalf of the public, as opposed to a claim brought by a taxpayer who has been or is about to be subject to the tax. Such a plaintiff does not confront a danger of imminent and irreparable harm, which is typically a requirement for injunctive relief. See *Azzar v Primebank, FSB,* 198 Mich App 512, 520; 499 NW2d 793 (1993). Nor would such a plaintiff suffer damages, the requisite for a damage action. Thus, while that plaintiff has been granted standing by § 32 of the Headlee Amendment, the only wrong that could give rise to a cause of action is the

We reject, however, the plaintiff's argument that the one-year period of limitation, which places an outer limit[8] on the time taxpayers can file suit, is unconstitutional. The plaintiff contends that "[t]he limitation period not only curtails rights guaranteed to taxpayers by the Headlee Amendment, but destroys those rights, because there exists no reasonable means by which a taxpayer can obtain 'sufficient information' to ascertain whether a tax has been unconstitutionally imposed." This statement distorts the effect of the limitation period. Far from destroying the right, it merely restricts the remedies available. Taxpayers may sue for a refund within one year of the date the tax was assessed. Even if taxpayers cannot obtain refunds for past tax payments exceeding the constitutional limit because they did not dispute them within one year of the date the taxes were assessed, the constitutional right does not disappear because they retain the right to prevent future violations of their rights. See part II(B), pp 127-128.

The one-year limitation is not in the class of limitation periods that are "so harsh and unreasonable in their consequences that they effectively

---

enactment of the resolution—an action that is not continuing in nature.

Accordingly, we note that where a plaintiff's only basis for invoking a court's jurisdiction is the plaintiff's status as a taxpayer seeking relief on behalf of the public, the right to bring suit expires one year after the alleged Headlee violation.

[8] We are not presented with the question, and thus express no opinion regarding, whether § 308a(3) supplants shorter limitation periods for refunds applicable to other taxes and not at issue in this case. Stated otherwise, we do not decide whether § 308a(3), which creates a ceiling on Headlee claims, also creates a floor, guaranteeing that all taxpayers with Headlee challenges have at least one year from the date the tax was due to file for a refund. See, e.g., MCL 205.27a(6); MSA 7.657(27a)(6) ("a claim for refund based upon the validity of a tax law based on the laws or constitution of the United States or the state constitution of 1963 shall not be paid unless the claim is filed within 90 days after the date set for filing a return").

divest plaintiffs of the access to the courts intended by the grant of the substantive right." *Forest v Parmalee,* 402 Mich 348, 359; 262 NW2d 653 (1978), citing *Buscaino v Rhodes,* 385 Mich 474; 189 NW2d 202 (1971). It is a reasonable restriction designed to protect the fiscal integrity of governmental units who might otherwise face the prospect of losing several years' revenue from a tax that had previously been thought to comply with Headlee restrictions. See also *Durant v Dep't of Ed (On Second Remand),* 186 Mich App 83, 96-100; 463 NW2d 461 (1990) (approving the constitutionality of the one-year period of limitation for Headlee claims alleging underfunding of necessary costs of activities required of local governments).

Plaintiff does not cite any cases holding that suits seeking remedies for violation of state constitutional rights may not be subjected to a limitation period. Furthermore, this Court has rejected the argument that statutes of limitation may not be applied to suits seeking remedies for violations of federal constitutional rights. See *Hart v Detroit,* 416 Mich 488, 496; 331 NW2d 438 (1982). There we noted that the United States Supreme Court has applied a six-year period of limitation to claims for damages brought under the Fifth Amendment Taking Clause. See, e.g., *Soriano v United States,* 352 US 270; 77 S Ct 269; 1 L Ed 2d 306 (1957); see also *Wilson v Garcia,* 471 US 261; 105 S Ct 1938; 85 L Ed 2d 254 (1985) (holding that a claim under 42 USC 1983 for injuries inflicted by a police officer were lost because suit was not filed within two years—the applicable statute of limitation in Arizona). The plaintiff has not provided us with any reason why this state constitutional right should be treated differently.

## B

### INJUNCTIVE RELIEF

Defendant's statute of limitation defense does not apply neatly to plaintiff's claim for injunctive relief. Because a suit for injunctive relief may seek to prevent a future wrong, the cause of action necessarily arises before the wrong occurs. The statutory scheme, on the other hand, seems to assume that a claim does not or cannot accrue or come into being until the wrong is done. See MCL 600.5827; MSA 27A.5827 ("the claim accrues at the time the wrong upon which the claim is based was done regardless of the time when the damage results").

It seems unnecessary, though, to describe plaintiff's injunctive claim in a way that makes it fit the statute. Suffice it to say that § 308a(3) does not prevent a taxpayer from seeking to enjoin a governmental unit from imposing on him in the future taxes that violate the Headlee Amendment. To hold otherwise would truncate the constitutional right.[9]

A decision holding that the statute of limitations has run on claims for injunctive relief against future collection of the tax from plaintiffs would be very impractical given that those same plaintiffs may generally proceed with otherwise valid causes of action to refund taxes in excess of Head-

---

[9] This is not to say that the limitation period will never bar actions for injunctive relief under any circumstances. To the contrary, this Court has long recognized that statutes of limitation may apply by analogy to equitable claims. See, e.g., *Smith v Davidson*, 40 Mich 632, 633 (1879); *Lothian v Detroit*, 414 Mich 160, 168-170; 324 NW2d 9 (1982). If legal limitations periods did not apply to analogous equitable suits, "a plaintiff [could] dodge the bar set up by a limitations statute simply by resorting to an alternate form of relief provided by equity." *Id.* at 169. To illustrate, § 308a(3) might apply by analogy where a plaintiff seeks to enjoin collection of a long-overdue tax bill on the basis that the tax was constitutionally invalid.

lee limitations. It would present the judicial system with numerous individual and class actions for refunds each year, without any offsetting benefit in terms of enhancing the fiscal integrity of the defendant.

### C

#### DECLARATORY RELIEF

Concerning the application of statutes of limitation to claims for declaratory relief, we agree with the explanation provided by the United States Court of Appeals for the Second Circuit:

> Limitations statutes do not apply to declaratory judgments as such. Declaratory relief is a mere procedural device by which various types of substantive claims may be vindicated. There are no statutes which provide that declaratory relief will be barred after a certain period of time. Limitations periods are applicable not to the form of the relief but to the claim on which the relief is based.[10] [*Luckenbach Steamship Co v United States,* 312 F2d 545, 548 (CA 2, 1963).]

Claims for declaratory relief necessarily derive from claims for substantive relief because declaratory relief lies only in cases of "actual controversy," and not merely for abstract declarations of rights divorced from a factual context. *Shavers v Attorney General,* 402 Mich 554, 588; 267 NW2d 72 (1978); MCR 2.605.

On the basis of the proposed class averments, which include not only individuals who have paid the tax but also "all persons who presently own real property in Wayne County" and who thus

---

[10] Once a court determines which statute of limitations applies, however, the time at which the claim accrues for purposes of applying that statute depends on the type of relief sought.

may be subject to the increased tax rate, there appear to be two actual controversies that might form the basis for declaratory relief. The first is whether plaintiff may obtain a refund for taxes paid in the past. The second is whether potential class members who are currently residents of Wayne County must pay the increased tax in the future.

For purposes of the first controversy, the statute of limitations would prevent the plaintiff from obtaining a judgment declaring that defendant must refund taxes paid more than one year before the date the suit was filed. Declaratory relief may not be used to avoid the statute of limitations for substantive relief. *Finlayson v West Bloomfield Twp,* 320 Mich 350; 31 NW2d 80 (1948). The plaintiffs in *Finlayson* sought a declaration voiding the results of a narrowly decided election, alleging that votes had been cast by persons who were not residents of the township. We held that the request was filed too late: "plaintiffs' remedy to test the validity of the township election, if they desired to do so, was by petition in the nature of quo warranto," which must be brought within thirty days of an election. *Id.* at 357. We noted that declaratory judgments were "not intend[ed] to provide a substitute for regular actions." *Id.* Otherwise valid claims for declaratory relief, regarding claims for refunds that are not time-barred, would survive the statute of limitations.

For purposes of the second controversy—whether members of the potential class who are currently Wayne County property owners must pay the increased tax in the future—the statute of limitations would not bar an otherwise valid claim for declaratory relief because it would derive from a claim for injunctive relief, which is not barred. See part II(B), pp 127-128.

III

For the foregoing reasons, we reverse the judgment of the Court of Appeals and hold that the Headlee Amendment claim of this taxpayer accrued at the time he paid the tax in question.[11] We remand the case to the circuit court for further proceedings consistent with this opinion.

BRICKLEY, C.J., and LEVIN, CAVANAGH, RILEY, and MALLETT, JJ., concurred with BOYLE, J.

WEAVER, J. (concurring in the result only). I agree with the majority result of remanding this matter for further proceedings. I write separately because I find the period of limitation of MCL 600.308a(3); MSA 27A.308(1)(3) unconstitutional, and because I find 1980 PA 413, Resolution 81-37, void ab initio for failure to comply with the voting requirements of the Headlee Amendment. Const 1963, art 9, §§ 25-34.

In 1978 the people of the State of Michigan ratified an amendment to the state constitution through a voter initiative petition, the most democratic of processes allowed under our law. The result of that initiative was article 9, §§ 25-34, commonly known as the Headlee Amendment. The purpose of the amendment is succinctly stated in its opening section: "Property taxes and other local taxes and state taxation and spending *may not be increased* above the limitations specified herein *without direct voter approval.*" Const 1963, art 9, § 25 (emphasis added).

Nowhere within the ten sections comprising the amendment do the people state that a tax imposed

---

[11] We emphasize that this case involves only the unique question of the accrual date for Headlee claims brought to challenge taxes paid by individuals.

in violation of the constitution would become valid after one year, or one hundred years, of its enactment. The Legislature cannot amend the constitution by the simple expedient of enacting a statute.[1]

I would find the transfer tax that was the subject of the tax increase to be void ab initio for failure to comply with the mandates of the Head-

---

[1] Though the majority chastises plaintiff for failure to cite case law finding that state constitutional rights may not be subjected to statutes of limitation, the only Michigan authority cited by the majority is *Hart v Detroit*, 416 Mich 488; 331 NW2d 438 (1982). In *Hart*, the City of Detroit acquired approximately 1,400 parcels of property through delinquent tax proceedings, and then began an urban renewal project on these parcels without first commencing formal condemnation proceedings. Though the case involved discussion of a number of considerations of how to characterize the type of taking and whether the limitation period should be akin to an adverse possession with a fifteen-year period of limitation, or a "partial taking," subject to a three-year period of limitation, the glaring difference between *Hart* and the instant case is *notice*. In *Hart*, all the plaintiffs knew that their rights were in jeopardy. Their homes were razed and an urban renewal project was commenced. Over three years elapsed before the plaintiffs brought suit. Contrast that scenario with the instant case in which the taxpayer had no idea the tax had even been levied until the transfer tax had to be paid in order to record title to the property.

The majority also finds persuasive the discussion in *Hart* concerning the federal six-year period of limitation that has been applied to inverse condemnation proceedings. (*Ante* at 126.) Again, on their facts, these condemnation proceedings cases are easily distinguished. Though the majority further opines "[t]he plaintiff has not provided us with any reason why this state constitutional right should be treated differently," *id.*, I believe the plaintiff provides several reasons. First, a one-year period of limitation is significantly more restrictive than the six-year limitation period in the case cited by the majority. However, I find the more persuasive reason contained within the plaintiff's brief to this Court:

> Upon enactment of the Headlee Amendment, taxpayers relied on the constitutional provision that no tax would or could be increased, imposed, or shifted by the government without voter approval. The limitation period not only curtails rights guaranteed to taxpayers by the Headlee Amendment, but destroys those rights, because there exists no reasonable means by which a taxpayer can obtain "sufficient information" to ascertain whether a tax had been unconstitutionally imposed. The statute of limitations imposes "undue burdens" upon taxpayers . . . .

lee Amendment. Likewise I would find the one-year period of limitation to be unconstitutional because it curtails the guaranteed right to no taxes without a vote of the people and places undue burdens on the people by its limiting nature. *Durant v Dep't of Ed (On Second Remand)*, 186 Mich App 83; 463 NW2d 461 (1990).[2]

---

[2] Though *Durant* is cited as authority supporting the majority position, I find the case easily distinguishable from the instant case. In *Durant,* the plaintiff school district sought reimbursement from the state for school aid for prior years. The Court in *Durant* correctly found that a one-year period of limitation ensures fiscal integrity and that the taxpayer or public entity has sufficient information within the one year to ascertain whether a payment from the government is due. 186 Mich App 98. In the instant case, the issue is payment *from the taxpayer to the state*. No such interest in fiscal integrity can be rationally argued, for surely no county in the state bases the major portion of its budget requirements on projected numbers of transfers of real estate within a given year.