**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

| | |
|---|---|
| U.S. BANK, N.A., as Trustee for the Specialty Underwriting and Residential Finance Trust Mortgage Loan Asset-Backed Certificates Series 2006-BC4,<br>*Plaintiff-Appellant*,<br><br>v.<br><br>THUNDER PROPERTIES, INC.,<br>*Defendant-Appellee*,<br><br>and<br><br>WESTLAND REAL ESTATE DEVELOPMENT AND INVESTMENTS,<br>*Defendant.* | No. 17-16399<br><br>D.C. No. 3:16-cv-00501-RCJ-WGC<br><br>ORDER CERTIFYING QUESTIONS TO THE NEVADA SUPREME COURT |

Filed May 1, 2020

Before:  Ronald M. Gould, Carlos T. Bea, and
Michelle T. Friedland, Circuit Judges.

Order

# SUMMARY[*]

**Certification to Nevada Supreme Court**

The panel certified to the Nevada Supreme Court the following questions:

> (1) When a lienholder whose lien arises from a mortgage for the purchase of a property brings a claim seeking a declaratory judgment that the lien was not extinguished by a subsequent foreclosure sale of the property, is that claim exempt from statute of limitations under *City of Fernley v. Nevada Department of Taxation*, 366 P.3d 699 (Nev. 2016)?
>
> (2) If the claim described in (1) is subject to a statute of limitations:
>
>> (a) Which limitations period applies?
>>
>> (b) What causes the limitations period to begin to run?

The case arose out of a Nevada statutory scheme that permits a homeowners association to attach a lien with partial superpriority status to a homeowner's property. *See* Nev. Rev. Stat. § 116.3116.

---

[*] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

**ORDER**

GOULD, Circuit Judge, Presiding:

Pursuant to Rule 5 of the Nevada Rules of Appellate Procedure, we certify to the Nevada Supreme Court the questions of law set forth in Part II of this order. The answers to these questions "may be determinative of the cause" pending before this court, and there appears to be "no controlling precedent in the decisions of the [Nevada] Supreme Court or Court of Appeals." Nev. R. App. P. 5(a).

Further proceedings in this court are stayed pending the result of certification, and submission remains withdrawn pending further order.

**I.**

Plaintiff-Appellant, U.S. Bank, N.A., as Trustee for the Specialty Underwriting and Residential Finance Trust Mortgage Loan Asset-Backed Certificates Series 2006-BC4 ("U.S. Bank"), will be the appellant before the Nevada Supreme Court. Counsel for U.S. Bank are Ariel E. Stern, Melanie D. Morgan, and Rex D. Garner, Akerman LLP, 1635 Village Center Circle, Suite 200, Las Vegas, Nevada 89134.

Defendant-Appellee, Thunder Properties, Inc. ("Thunder"), will be the respondent before the Nevada Supreme Court. Counsel for Thunder are Roger P. Croteau and Timothy E. Rhoda, Roger P. Croteau and Associates, Ltd., 9120 West Post Road, Suite 100, Las Vegas, Nevada 89148.

## II.

The questions of law we certify are:

(1) When a lienholder whose lien arises from a mortgage for the purchase of a property brings a claim seeking a declaratory judgment that the lien was not extinguished by a subsequent foreclosure sale of the property, is that claim exempt from statute of limitations under *City of Fernley v. Nevada Department of Taxation*, 366 P.3d 699 (Nev. 2016)?

(2) If the claim described in (1) is subject to a statute of limitations:

(a) Which limitations period applies?

(b) What causes the limitations period to begin to run?

We recognize that the Nevada Supreme Court may, in its discretion, reword the certified questions. *Progressive Gulf Ins. Co. v. Faehnrich*, 627 F.3d 1137, 1140 (9th Cir. 2010).

## III.

This case arises out of a Nevada statutory scheme that permits a homeowners association ("HOA") to attach a lien with partial superpriority status to a homeowner's property. *See* Nev. Rev. Stat. § 116.3116. "The portion of the lien with superpriority status consists of the last nine months of unpaid HOA dues and any unpaid maintenance and nuisance-abatement charges." *Bank of Am., N.A. v. Arlington W. Twilight Homeowners Ass'n*, 920 F.3d 620, 622 (9th Cir. 2019). "With a few exceptions, the superpriority portion is superior to all other liens on the property, including the first deed of trust held by the mortgage lender," which "means that an HOA can

extinguish the first deed of trust by foreclosing on its superpriority lien." *Id.*

In 2006, Michelle and Bryan Rodriguez purchased a property in Cold Springs, Nevada, by means of a loan secured by a deed of trust on the property. The deed of trust was assigned to U.S. Bank in 2009. By February 2010, the Rodriguezes had fallen behind on their HOA assessments, and the HOA recorded a notice of delinquent assessment and claimed a superpriority lien against the property under Nevada Revised Statutes § 116.3116 for the amount owed. The debt was not satisfied and the HOA proceeded with a foreclosure sale, recording its election to sell the property in April 2010, selling the property in February 2011, and recording the sale on the same day it occurred. The buyer later sold the property to Westland Real Estate Development and Investments, which transferred its interest in the property to Thunder.

In August 2016, U.S. Bank sued Thunder in the United States District Court for the District of Nevada. U.S. Bank sought a declaratory judgment that, because of alleged constitutional and statutory infirmities in the foreclosure process, the foreclosure sale is either void or at least U.S. Bank's interest in the Cold Springs property had survived the foreclosure sale, such that "Thunder acquired the property subject to U.S. Bank's senior deed of trust."[1]

The district court granted Thunder's motion to dismiss U.S. Bank's claim for declaratory relief. It concluded that U.S. Bank was "seek[ing] to quiet title," so the five-year statute of limitations set forth in Nevada Revised Statutes §§ 11.070 and 11.080 for certain quiet title actions applied.

---

[1] U.S. Bank also asserted other claims that are not at issue here.

The district court reasoned that U.S. Bank's claim accrued and the five-year limitations period started to run on February 10, 2011, when the foreclosure sale that purported to extinguish U.S. Bank's mortgage lien took place and was recorded.  The district court thus held that the claim was time-barred by the time U.S. Bank filed its Complaint in August 2016, approximately five and a half years later.  U.S. Bank appealed the dismissal of its claim to this court.

## IV.

## A.

The first issue on appeal is whether U.S. Bank's claim is subject to a statute of limitations at all.  U.S. Bank argues that under *City of Fernley v. Nevada Department of Taxation*, 366 P.3d 699 (Nev. 2016), no statute of limitations applies to its claim for declaratory relief.

In *City of Fernley*, a city government challenged the constitutionality of a state tax provision, seeking money damages for tax revenue the state allegedly owed to the city, as well as a declaration that the provision was unconstitutional and a corresponding injunction against its application. *Id.* at 705 & n.4.  The Nevada Supreme Court held that the city's claim for money damages was time-barred, but that its claims for declaratory and injunctive relief were not. *Id.* at 707–08.  The court reasoned that "[t]he statute of limitations applies differently depending on the type of relief sought." *Id.* at 706.  The claim for damages sought "retrospective relief" and was untimely. *Id.* at 707–08.  The court held that, by contrast, "the statute of limitations d[id] not bar [the city's] claims for injunctive and declaratory relief from an allegedly unconstitutional statute." *Id.* at 707.  In so holding, the court cited with approval the Michigan Supreme Court's statement that

statutes of limitations "do[] not prevent a taxpayer from seeking to enjoin a governmental unit from imposing on him in the future taxes that violate the [constitution]," because taxpayers "retain the right to prevent future violations of their rights." *Id.* (second alteration in original) (quoting *Taxpayers Allied for Constitutional Taxation v. Wayne County*, 537 N.W.2d 596, 599–600 (Mich. 1995)). Following this principle, the Nevada Supreme Court concluded that the city's bid to have the tax provision enjoined and declared unconstitutional was not time-barred "because claimants retain the right to prevent future violations of their constitutional rights." *Id.* at 708.

U.S. Bank insists that its claim here is akin to the claims for declaratory and injunctive relief in *City of Fernley* because its "present and prospective rights are unclear" and "it does not know whether it may legally foreclose its [mortgage lien]." Although there are differences between U.S. Bank's claim and claims seeking "to prevent future violations of . . . constitutional rights," *id.*, that may cause *City of Fernley* not to govern here, we are not aware of any Nevada Supreme Court or Court of Appeals precedent that clearly addresses whether a claim like U.S. Bank's is subject to a statute of limitations. We therefore certify that question.

## B.

If U.S. Bank's claim is subject to a statute of limitations, it is not clear under current Nevada law which limitations period should be imposed. Nevada courts focus on "[t]he nature of the claim, not its label, [to determine[] what statute of limitations applies." *Perry v. Terrible Herbst, Inc.*, 383 P.3d 257, 260 (Nev. 2016). Where, as here, a claim does not fit neatly within any statute of limitations, "courts look to analogous causes of action for which an express limitations period is available" and may "borrow the most

suitable statute of limitations on the basis of the nature of the cause of action or of the right sued upon." *Id.* (quotation marks omitted). If no limitations period expressly applies or is sufficiently analogous to be "borrowed," Nevada law imposes a four-year catch-all statute of limitations. *See* Nev. Rev. Stat. § 11.220 ("An action for relief, not hereinbefore provided for, must be commenced within 4 years after the cause of action shall have accrued.").

We see the claims governed by the five-year limitations period prescribed in Nevada Revised Statutes §§ 11.070 and 11.080 as the most analogous to U.S. Bank's claim, but it is unclear whether they are analogous enough to prevent the four-year catch-all statute of limitations from applying instead of a five-year statute of limitations.[2] Section 11.070 requires that an action "founded upon the title to real

---

[2] The parties propose two other statutes of limitations, neither of which seems apposite here. U.S. Bank argues that Nevada Revised Statutes § 106.240, which provides that a mortgage debt is "conclusively presumed" to have been "regularly satisfied and the lien discharged" ten years after it becomes wholly due, amounts to a ten-year limitations period for foreclosures on a mortgage lien. But the Nevada Supreme Court has held that a provision closely analogous to Nevada Revised Statutes § 106.240 "does not operate as a statute of limitations." *See Saticoy Bay LLC Series 2021 Gray Eagle Way v. JPMorgan Chase Bank, N.A.*, 388 P.3d 226, 232 (Nev. 2017) (discussing Nevada Revised Statutes § 116.3116(6) (2013)).

Thunder contends that Nevada Revised Statutes § 11.190(3)(a), which sets forth a three-year statute of limitations for certain "action[s] upon a liability created by statute," applies here. U.S. Bank's action, however, alleges only that U.S. Bank suffered an injury created by the HOA foreclosure scheme at Nevada Revised Statutes § 116.3116, not that the statute has created liability flowing from Thunder to U.S. Bank. *See Torrealba v. Kesmetis*, 178 P.3d 716, 722 (Nev. 2008) (explaining that "[t]he phrase 'liability created by statute' means a liability which would not exist but for the statute" (quotation marks omitted)).

property" may only be brought if the plaintiff "was seized or possessed of the premises in question within 5 years" before its lawsuit. Section 11.080 similarly provides that "[n]o action for the recovery of real property . . . shall be maintained[] unless it appears that the plaintiff . . . was seized or possessed of the premises in question, within 5 years before the commencement thereof." The district court in this case applied the five-year limitations period after characterizing U.S. Bank's request for a declaratory judgment as a "quiet title claim[]."

On appeal, both parties agree that sections 11.070 and 11.080 do not apply by their terms to U.S. Bank's claim. We too think that neither section 11.070 nor section 11.080 is expressly applicable because U.S. Bank's suit is not "founded upon the title to real property," but rather on a lien arising out of a deed of trust. *See* Nev. Rev. Stat § 11.070. Accordingly, U.S. Bank is seeking only the preservation of its lien interest, and not "the recovery of real property." *See* Nev. Rev. Stat § 11.080. If U.S. Bank were to prevail, it would secure a declaration that its lien interest survived the HOA foreclosure sale. It would not get title to or possession of the property.

Nevertheless, in the absence of a statute of limitations that expressly covers U.S. Bank's claim, we think it is possible that the Nevada Supreme Court may determine that sections 11.070 and 11.080 provide "the most suitable statute of limitations" to "borrow" because the quiet title claims governed by those sections are sufficiently analogous to U.S. Bank's request for a declaratory judgment regarding the validity of its lien interest. *See Perry*, 383 P.3d at 260 (quotation marks omitted). On the other hand, it is possible that the Nevada Supreme Court may conclude that U.S. Bank's claim does not so "closely resemble[]" quiet title

actions under sections 11.070 and 11.080 as to justify borrowing the five-year limitations period, *see id.*, and that the four-year catch-all limitations period in Nevada Revised Statutes § 11.220 therefore applies instead.[3]

## C.

If the Nevada Supreme Court determines that U.S. Bank's claim is subject to a statute of limitations, and identifies the appropriate limitations period to apply, we

---

[3] Federal district courts in Nevada have overseen a substantial number of cases raising claims similar to U.S. Bank's in recent years and have been split on the appropriate statute of limitations to apply. Some courts have imposed the five-year limitations period prescribed by Nevada Revised Statutes §§ 11.070 and 11.080. *See, e.g.*, *Deutsche Bank Nat'l Tr. Co. v. SFR Invs. Pool 1, LLC*, No. 2:18-cv-597, 2019 WL 4738005, at *4 (D. Nev. Sept. 27, 2019); *JPMorgan Chase Bank, N.A. v. SFR Invs. Pool 1, LLC*, No. 2:16-cv-2005, 2017 WL 3317813, at *2 (D. Nev. Aug. 2, 2017); *Nationstar Mortg., LLC v. Falls at Hidden Canyon Homeowners Ass'n*, No. 2:15-cv-01287, 2017 WL 2587926, at *3 (D. Nev. June 14, 2017). Others have resorted to the four-year catch-all limitations period. *See, e.g.*, *JPMorgan Chase Bank, N.A. v. Saticoy Bay LLC Series 7517 Apple Cider*, No. 2:17-cv-02948, 2019 WL 4677013, at *2 (D. Nev. Sept. 25, 2019); *Bank of N.Y. Mellon v. Ruddell*, 380 F. Supp. 3d 1096, 1100 (D. Nev. 2019); *U.S. Bank Nat'l Ass'n v. SFR Invs. Pool 1, LLC*, 376 F. Supp. 3d 1085, 1091 (D. Nev. 2019); *Nationstar Mortg. LLC v. Safari Homeowners Ass'n*, No. 2:16-cv-02542, 2019 WL 121960, at *2 (D. Nev. Jan. 6, 2019); *Bank of N.Y. v. S. Highlands Cmty. Ass'n*, 329 F. Supp. 3d 1208, 1213–14 (D. Nev. 2018); *Bank of Am., N.A. v. Country Garden Owners Ass'n*, No. 2:17-cv-01850, 2018 WL 1336721, at *2 (D. Nev. Mar. 14, 2018). And at least one district court has applied the three-year limitations period for liabilities created by statute codified at Nevada Revised Statutes § 11.190(3). *See Nationstar Mortg. LLC v. Curti Ranch Two Maint. Ass'n, Inc.*, No. 3:17-cv-00699, 2018 WL 1611190, at *3 (D. Nev. Apr. 2, 2018).

finally ask the court to provide guidance regarding when that limitations period begins to run.

For example, in a quiet title action expressly governed by section 11.080, the five-year "limitations period is triggered when the plaintiff is ejected from the property or has had the validity or legality of his or her ownership or possession of the property called into question." *Berberich v. Bank of Am., N.A.*, — P.3d —, No. 76457, 2020 WL 1501206, at *3 (Nev. Mar. 26, 2020). But if we were to borrow that statute of limitations in this case, it is not clear when the limitations period would have started running because U.S. Bank never had ownership or possession of the property at issue. We are not certain whether either the recording of the HOA's election to foreclose on the Rodriguezes' property or the recording of the foreclosure sale itself was sufficient to put U.S. Bank on notice that the validity of its lien interest had been called into question. Although "[o]rdinarily the constructive knowledge of recording statutes is held to *prospective* purchasers of realty," it "does not necessarily follow" that the same is true for "possessors of a trust deed" that pre-dated the relevant recording. *Allen v. Webb*, 485 P.2d 677, 682 (Nev. 1971) (emphasis added); *see also Berberich*, 2020 WL 1501206, at *3 (holding that "the limitations period . . . begin[s] to run against a property owner once the owner has notice of disturbed possession," without specifying whether the same rule applies to lienholders).[4]

---

[4] We note that federal district courts in Nevada have often, but not always, held that the limitations period starts running at the time the foreclosure sale is recorded and that no actual notice is required. *See Bank of N.Y. Mellon v. SFR Invs. Pool 1, LLC*, No. 2:17-cv-00388, 2019 WL 2427942, at *2 (D. Nev. June 10, 2019); *Bank of N.Y. Mellon v.*

The question of what event triggered the limitations period that may apply to U.S. Bank's claim—for example, the Rodriguezes' being dispossessed of the foreclosed property or U.S. Bank's receiving actual notice of the foreclosure—could be determinative in this case. U.S. Bank filed this action five and a half years after the foreclosure sale, but may not have received actual notice of the sale immediately upon its completion or recordation. Indeed, further development of the factual record would be needed in this case to determine when the Rodriguezes were

---

*Williston Inv. Grp. LLC*, No. 2:18-cv-00161, 2019 WL 2146586, at *2 (D. Nev. May 16, 2019); *Bank of N.Y. v. S. Highlands Cmty. Ass'n*, 329 F. Supp. 3d 1208, 1218 (D. Nev. 2018); *Bank of N.Y. v. Foothills at MacDonald Ranch Master Ass'n*, 329 F. Supp. 3d 1221, 1233 (D. Nev. 2018); *Bank of N.Y. Mellon v. Springs at Centennial Ranch Homeowners Ass'n*, No. 2:17-cv-01673, 2018 WL 1524431, at *2 n.9 (D. Nev. Mar. 28, 2018); *Bank of N.Y. Mellon v. S. Terrace Homeowners Ass'n*, No. 2:17-cv-00984, 2017 WL 3013254, at *2 (D. Nev. July 14, 2017); *Nationstar Mortg., LLC v. Falls at Hidden Canyon Homeowners Ass'n*, 2:15-cv-01287, 2017 WL 2587926, at *2 (D. Nev. June 14, 2017); *U.S. Bank Nat'l Ass'n v. Woodland Village*, No. 3:16-cv-00501, 2016 WL 7116016, at *2-3 (D. Nev. Dec. 6, 2016); *see also Deutsche Bank Nat'l Tr. Co. v. SFR Invs. Pool 1, LLC*, No. 2:18-cv-597, 2019 WL 4738005, at *4 (D. Nev. Sept. 27, 2019) (implying that the limitations period began running when the "deed upon sale" was recorded). *But see JPMorgan Chase Bank, N.A. v. Saticoy Bay LLC Series 7517 Apple Cider*, No. 2:17-cv-02948, 2019 WL 4677013, at *2 (D. Nev. Sept. 25, 2019) (holding that "the statute of limitations began to run on the date of the foreclosure sale," though the court separately held that the plaintiff had pre-sale notice of the foreclosure); *Bank of N.Y. Mellon v. Ruddell*, 380 F. Supp. 3d 1096, 1099 (D. Nev. 2019) (holding that "the statute runs from" the date of the foreclosure sale). Each of the cases holding that the limitations period begins to run when the foreclosure sale is recorded relied on an unpublished Nevada Supreme Court decision for that conclusion—*Job's Peak Ranch Community Association, Inc. v. Douglas County*, No. 55572, 2015 WL 5056232 (Nev. Aug. 25, 2015)—without considering *Allen*.

dispossessed of the property or when U.S. Bank received actual notice of the sale.

## V.

This appeal presents open and recurring questions of Nevada law that "may be determinative" of U.S. Bank's claim for declaratory relief. *See* Nev. R. App. P. 5(a). We therefore respectfully request that the Nevada Supreme Court accept and decide the questions certified. "The written opinion of the [Nevada] Supreme Court stating the law governing the questions certified . . . shall be res judicata as to the parties," Nev. R. App. P. 5(h), and we agree to abide by the Nevada Supreme Court's answers to the certified questions.

Further proceedings in this court are stayed pending final action by the Nevada Supreme Court. Submission remains withdrawn pending further order. The Clerk is directed to administratively close this docket pending further order. The Clerk of this court shall forward a copy of this order, under official seal, to the Nevada Supreme Court, along with copies of all briefs and excerpts of record that have been filed with this court. The parties shall notify the Clerk of this court within 14 days of any decision by the Nevada Supreme Court to accept or decline certification. If the Nevada Supreme Court accepts certification, the parties shall then notify the Clerk of this court within 14 days of the issuance of the Nevada Supreme Court's opinion.

**QUESTIONS CERTIFIED.**

　/s/ Ronald M. Gould　　　
Ronald M. Gould, Circuit Judge,
Presiding