*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

MICHIGAN IMMIGRANT RIGHTS CENTER,

      Plaintiff-Appellee,

v

GOVERNOR,

      Defendant-Appellant.

UNPUBLISHED
May 30, 2024

Nos. 361451; 362515
Court of Claims
LC No. 21-000208-MZ

Before: FEENEY, P.J., and M. J. KELLY and RICK, JJ.

PER CURIAM.

In this declaratory judgment action, defendant, the Governor of the State of Michigan, appeals by right in Docket No. 361415 and by leave granted in Docket No. 362515 the order of the Court of Claims denying its motion for summary disposition on various grounds. Plaintiff, the Michigan Immigrant Rights Center, brought this action seeking, generally, to establish that MCL 418.361(1), a provision of the Worker's Disability Compensation Act (WDCA), MCL 418.101 *et seq.*, is unconstitutional, or that an opinion of this Court interpreting that provision was wrongly decided. Because plaintiff's complaint was untimely under MCL 600.6431(1), we reverse and remand for entry of an order of dismissal.

## I. BACKGROUND AND PROCEDURE

The substantive issues plaintiff advanced are not before this Court. Plaintiff is a nonprofit organization that provides resources to immigrants in Michigan. In 2017, it established a "Farmworker and immigrant rights" (FWIR) program to provide certain legal services. That program was immediately flooded by calls from undocumented alien workers who were being denied workers' compensation benefits, allegedly due solely to their immigration status. Plaintiff is not presently bringing suit on behalf of any of those workers, but rather on the basis of harms it claims it is suffering in the form of a drain on its resources, which ultimately forced it to hire additional personnel in 2019 specifically to deal with those calls. Plaintiff traces that drain to this Court's decision in *Sanchez v Eagle Alloy Inc*, 254 Mich App 651; 658 NW2d 510 (2003). In that case, this Court held that undocumented alien workers were "employees" for purposes of the WDCA, so they were both entitled to and constrained by the exclusive remedy provided by the

-1-

WDCA for injuries suffered in the course of their employment. *Sanchez*, 254 Mich App at 654-655, 659-667. This Court then held that, under MCL 418.361(1),[1] benefits need not be paid to a person "whenever commission of a 'crime' prevents the person from obtaining or performing work," and the use of false documents to obtain employment constituted a "crime." *Id*. at 667-672.

This Court held that when the employer "learned of [the] plaintiffs' employment status and could not legally retain them as employees or find them other work, [the] plaintiffs became unable to obtain or perform work 'because of' the commission of a crime within the meaning of subsection 361(1)." *Sanchez*, 254 Mich App at 672-673. This Court held that the plaintiffs were entitled to benefits up to the date when their "employment status" was discovered or determined, but that they were not entitled to benefits thereafter. *Id*. at 673-674. Nevertheless, if the "plaintiffs obtain proper permission to live and work in the United States, then subsection 361(1) would no longer operate to suspend their wage-loss benefits." *Id*. at 673.

Plaintiff filed suit in 2021, seeking a declaratory judgment (1) that the "commission of a crime" language in MCL 418.361(1) is unconstitutional and therefore unenforceable; (2) that *Sanchez* wrongly held that working while undocumented is itself a crime; and/or (3) that *Sanchez* was significantly curtailed by later precedent of our Supreme Court. Defendant moved for summary disposition on multiple grounds, most of which we need not discuss. In relevant part, defendant sought summary disposition under MCR 2.116(C)(7), asserting that MCL 600.6431(1) required plaintiff to file notice of intent to sue or to file its complaint within a year of the accrual of its claims, and plaintiff's claims accrued by 2019, so its complaint was untimely.[2] The Court of Claims disagreed, reasoning that because plaintiff sought only prospective declaratory relief, MCL 600.6431(1) was inapplicable. We disagree.

## II. STANDARDS OF REVIEW

This Court reviews de novo a trial court's decision on a motion for summary disposition and questions of constitutional law. *Bauserman v Unemployment Ins Agency*, 509 Mich 673, 686; 983 NW2d 855 (2022) (*Bauserman II*). "A motion for summary disposition under MCR 2.116(C)(7) should be granted when the claim is barred by a statute of limitations, or other basis stated in that court rule." and "we accept the allegations of the complaint as true unless contradicted by documentation submitted by the moving party, and consider any affidavits, depositions, admissions, or other documentary evidence submitted." *Spine Specialists of Mich, PC v Memberselect Ins Co*, ___ Mich App ___, ___; ___ NW3d ___ (2023) (Docket No. 358296); slip op at 2. This Court reviews de novo the interpretation of statutes and court rules, the availability

---

[1] In relevant, part, MCL 418.361(1) states that employers need not pay certain benefits "for periods of time that the employee is unable to obtain or perform work because of imprisonment or commission of a crime."

[2] Defendant also challenged plaintiff's standing, asserted that there was no "actual controversy," and asserted that plaintiff failed to exhaust its administrative remedies. Because we conclude that plaintiff's noncompliance with the notice requirements of MCL 600.6431(1) is dispositive, we need not address defendant's alternative arguments.

of governmental immunity, and questions regarding jurisdiction. *Highland Park v State Land Bank Auth*, 340 Mich App 593, 598-599; 986 NW2d 638 (2022). "In considering the gravamen of plaintiff's complaint, we examine the entire claim, looking beyond procedural labels to determine the exact nature of the claim." *Altobelli v Hartmann*, 499 Mich 284, 303; 884 NW2d 537 (2016).

## III. PRINCIPLES OF LAW

MCL 600.6431(1) provides:

> Except as otherwise provided in this section, a claim may not be maintained against this state unless the claimant, within 1 year after the claim has accrued, files in the office of the clerk of the court of claims either a written claim or a written notice of intention to file a claim against this state or any of its departments, commissions, boards, institutions, arms, or agencies.

With only one exception not at issue here,[3] the requirements set forth in MCL 600.6431(1) apply to *all* claims brought against the state. *Christie v Wayne State Univ*, 511 Mich 39, 55-57, 64-65; 993 NW2d 203 (2023). MCL 600.6431(1) is not a statute of limitations; rather, it sets forth a condition precedent to maintaining a suit against the state. *Elia Cos, LLC v Univ of Mich Regents*, 511 Mich 66, 69, 72-74; 993 NW2d 392 (2023). Plaintiff did not file a notice of intention to file a claim, but "MCL 600.6431 requires a claimant to file with the Court of Claims *either* a written claim *or* a written notice of intention to file a claim against the state within the specified time period." *Chisholm v State Police*, ___ Mich App ___, ___; ___ NW3d ___ (2023) (Docket No. 355691); slip op at 7 (emphasis in original). Compliance with either of those two requirements obviates the other. *Id*.

Generally, "[a] claim accrues, for purposes of the statute of limitations, when suit may be brought." *American Federation of State, Co, and Muni Employees, AFL-CIO, Mich Council 25 and Local 1416 v Bd of Ed of School Dist of City of Highland Park*, 457 Mich 74, 90; 577 NW2d 79 (1998); see also *Cooke Contracting Co v Dep't of State Hwys (On Rehearing)*, 55 Mich App 336, 338; 222 NW2d 231 (1974). "Under the common law, a claim generally accrues when all of the elements of the cause of action have occurred and can be alleged in a proper complaint." *Bauserman v Unemployment Ins Agency*, 503 Mich 169, 183 n 8; 931 NW2d 539 (2019) (*Bauserman I*). Under MCL 600.5827, a claim "accrues" "when all of the elements of the cause of action have occurred and can be alleged in a proper complaint," including harm suffered by the plaintiff. *Sunrise Resort Ass'n, Inc v Cheboygan Co Road Comm*, 511 Mich 325, 336; 999 NW2d 423 (2023). A claim "accrues" for purposes of MCL 600.6431(1) "at the time the wrong upon which a claim is based was done" and "each element of the cause of action, including some form of damages, exists." *Breiner v State*, 344 Mich App 387, 405 n 5; 1 NW3d 336 (2022) (quotation marks and citation omitted).

---

[3] The sole exception is for claims for compensation brought under the Wrongful Imprisonment Compensation Act (WICA), MCL 691.1751 *et seq*. See *Christie v Wayne State Univ*, 511 Mich 39, 49, 53; 993 NW2d 203 (2023), citing MCL 600.6431(5).

"Limitations statutes do not apply to declaratory judgments as such" because "[l]imitations periods are applicable not to the form of the relief but to the claim on which the relief is based." *Taxpayers Allied for Constitutional Taxation v Wayne Co*, 450 Mich 119, 128; 537 NW2d 596 (1995) (quotation marks and citation omitted). However, "[d]eclaratory relief may not be used to avoid the statute of limitations for substantive relief." *Id*. at 129. "Claims for declaratory relief necessarily derive from claims for substantive relief because declaratory relief lies only in cases of 'actual controversy,' and not merely for abstract declarations of rights divorced from a factual context." *Id*. at 128. "[W]hen the statute of limitations would bar granting relief on the underlying substantive claim, it also bars the same claim when stated as one seeking declaratory relief." *Tenneco Inc v Amerisure Mut Ins Co*, 281 Mich App 429, 456; 761 NW2d 846 (2008). An "actual controversy" is required because, while a court may decide an issue before a loss or injury has yet occurred, courts may not decide issues that are "merely hypothetical or anticipated in the future." *League of Women Voters of Mich v Secretary of State*, 506 Mich 561, 586; 957 NW2d 731 (2020).

## IV. APPLICATION

Plaintiff's claims are subject to the notice provision in MCL 600.6431(1), and plaintiff did not file its complaint within a year of the date when its claims accrued. Therefore, this case must be dismissed.

For purposes of resolving this appeal, we presume, although we do not decide, that plaintiff has standing and has articulated an actual controversy. Although a declaratory judgment action may be brought before harm occurs, a declaratory judgment action cannot be brought in the absence of an actual controversy. *League of Women Voters*, 506 Mich at 586; *Taxpayers Allied*, 450 Mich at 128-129. Notwithstanding some differences in phrasing, the caselaw set forth above establishes that, for purposes of statutes of limitations or for purposes of notice under MCL 600.6431(1), a claim "accrues" when all of the essential elements of a claim exist and a party can commence a valid lawsuit based on that claim. *Sunrise Resort Ass'n, Inc*, 511 Mich at 336; *Bauserman I*, 503 Mich at 183 n 8; *American Federation*, 457 Mich at 90; *Cooke Contracting Co*, 55 Mich App at 338. Because an action seeking declaratory judgment cannot be brought until an "actual controversy" arises, it necessarily follows that in a declaratory judgment action, the claim "accrues" when an "actual controversy" arises. Therefore, such a claim "accrues" when a party's need for a judicial determination to guide its conduct stops being merely hypothetical or anticipated. See *League of Women Voters*, 506 Mich at 586.

In other words, either plaintiff's claims "accrued" at some point before it filed its complaint, or plaintiff lacked standing. Presuming, without deciding, that plaintiff did not lack standing, the question is when its claims accrued. We reject defendant's arguments that those claims could have accrued earlier than 2017, because plaintiff's FWIR project did not yet exist before that time. However, a plain reading of the complaint shows that plaintiff knew no later than 2019 that it was suffering harm as a consequence of the issues it asserts in its claims, and certainly plaintiff was aware of its alleged claims by 2019 when it hired personnel specifically to address the calls it was receiving due to denials of workers' compensation benefits on the basis of immigrant status alone. It is not necessary to determine when plaintiff's claims accrued with greater detail, because plaintiff's complaint was filed in 2021 and therefore necessarily more than a year after its claims accrued.

Plaintiff argues that its complaint was nevertheless timely or excused from compliance with MCL 600.6431(1). First, plaintiff argues that its claims are based on an ongoing series of wrongful acts. Plaintiff is correct that a new cause of action can arise from each wrongful act. *Twp of Fraser v Haney*, 509 Mich 18, 28-29; 983 NW2d 309 (2022). Bringing a new action requires a further discrete act, however, and cannot be pursued on the basis of continued harm suffered from a past act. *Sunrise Resort Ass'n, Inc*, 511 Mich at 338-340; *Mays v Governor*, 506 Mich 157, 185 n 10; 954 NW2d 139 (2020). Plaintiff alleges only ongoing harms. It has identified only two discrete instances of workers being denied benefits solely on the basis of their immigration status. More importantly, plaintiff's complaint clearly explains that its *own* harm comes from its inability to refer cases to private practitioners in the workers' compensation field, who are unwilling to accept such cases because of this Court's ruling in *Sanchez*, a situation plaintiff expects to be resolved by a judicial decision overturning *Sanchez*; in essence, a single act.

Aside from its argument that Supreme Court precedent conflicts with *Sanchez*, plaintiff has not alleged that any workers' compensation magistrates are applying *Sanchez* in an inaccurate manner that is unfaithful to this Court's holdings in that case. In other words, the allegedly wrongful application of the WDCA is derived from this Court's decision in *Sanchez*, or, possibly, from the passage of 103 PA 1985, which added the "commission of a crime" language to MCL 418.361(1). In effect, plaintiff is alleging ongoing *consequences of* allegedly wrongful acts committed many years in the past. That is precisely the kind of claim that the abolition of the "continuing harms doctrine" precludes. Plaintiff's cause of action accrued by 2019, no later.

Plaintiff also argues that MCL 600.6431(1) should not apply in any event because that statute constitutes a partial waiver of sovereign immunity, and no such immunity exists for claims seeking prospective equitable relief. There is no exception to sovereign immunity for claims merely because those claims seek prospective equitable relief, however.

Plaintiff relies on caselaw from the United States Supreme Court holding that "recognized a narrow exception" to the general immunity that states enjoy from suits "under the terms of the Eleventh Amendment and the doctrine of sovereign immunity;" "certain private parties" may "seek judicial orders in federal court preventing state executive officials from enforcing state laws that are contrary to federal law." *Whole Woman's Health v Jackson*, 595 US 30, 39; 142 S Ct 522; 211 L Ed 2d 316 (2021), citing *Ex Parte Young*, 209 US 123; 28 S Ct 441; 52 L Ed 714 (1908). Under this doctrine, "[a] party may institute suit in federal court against a state official in his official capacity for prospective relief, on the basis of a violation of federal law, but the Eleventh Amendment would bar any action seeking retroactive relief." *Smith v Dep't of Pub Health*, 428 Mich 540, 587; 410 NW2d 749 (1987) (opinion by BRICKLEY, J.). The sovereign immunity the states enjoyed was fundamental to those states before the Constitution was ratified and was not affected by the Eleventh Amendment. *Northern Ins Co of New York v Chatham Co, Ga*, 547 US 189, 193; 126 S Ct 1689; 164 L Ed 2d 367 (2006). Michigan's sovereign immunity is derived from the common law in this state. *McNair v State*, 305 Mich 181, 187; 9 NW2d 52 (1943). Although one Supreme Court Justice referenced *Ex Parte Young* in a plurality opinion, our Supreme Court never adopted it. *Li v Feldt (After Second Remand)*, 439 Mich 457, 469; 487 NW2d 127 (1992) (opinion by CAVANAGH, C.J.), overruled on other grounds by *Pohutski v City of Allen Park*, 465 Mich 675; 641 NW2d 219 (2002). Therefore, whether a particular kind of claim is permitted by the Eleventh Amendment is not dispositive of whether that claim is permitted under a state's own sovereign immunity.

In the same plurality opinion, it was observed in passing that "[t]he distinction between the government's liability for prospective equitable relief and its liability for retrospective damages or compensation, and the principle that the former kind of liability is generally not barred by sovereign immunity, are fundamental to sovereign immunity law." *Li*, 439 Mich at 469 (opinion by CAVANAGH, C.J.). This statement in *Li* is not binding, because it commanded no majority. *Pioneer State Mut Ins Co v Wright*, 331 Mich App 396, 411 n 5; 952 NW2d 586 (2020). Furthermore, plaintiff takes it out of context. In *Li*, the issue was the existence or nonexistence of a common-law exception to governmental immunity for public nuisances or nuisances per se. See *Li*, 439 Mich at 462 (opinion by CAVANAGH, C.J.), 478-483 (BOYLE, J., concurring), 484-485 (opinion by LEVIN, J.). The above quotation was made in the context of Chief Justice CAVANAGH's analysis culminating in the conclusion that, if any such exception had ever been recognized, it no longer existed. *Id*. at 466-474 (opinion by CAVANAGH, C.J.). Chief Justice CAVANAGH also did not purport to adopt a rule that the state was not immune to any lawsuit merely because the lawsuit sought prospective or equitable relief. Furthermore, our Supreme Court had by then already abrogated common-law sovereign immunity as anachronistic. *Pittman v City of Taylor*, 398 Mich 41, 45-51 (KAVANAGH, C.J.), 64 (WILLIAMS, J.); 247 NW2d 512 (1976). This Court eventually held that no trespass-nuisance exception to immunity exists for claims against the state, observing that sovereign immunity is now strictly statutory. *Blue Harvest, Inc v Dep't of Transp*, 288 Mich App 267, 273-276; 792 NW2d 798 (2010). If there had ever been a common-law exception to sovereign immunity for general claims seeking prospective or equitable relief, no such exception still exists.

This Court has recognized that "[g]overnmental immunity is not available in a state court action where it is alleged that the state has violated a right conferred by the Michigan Constitution." *Duncan v State*, 284 Mich App 246, 268-269; 744 NW2d 89 (2009). Our Supreme Court has also recognized "that governmental immunity was not a defense to allegations of constitutional torts and that damages may be recognized in appropriate cases." *Bauserman II*, 509 Mich at 688. Such a scenario arises if a person has no other way to vindicate an alleged violation of a right guaranteed by the Constitution. *Id*. at 710-711. Parties generally may not assert a constitutional right on behalf of another person. *People v Mahdi*, 317 Mich App 446, 458-459; 894 NW2d 732 (2016); *In re HRC*, 286 Mich App 444, 458; 781 NW2d 105 (2009). Although plaintiff asserts that it is being harmed as a consequence of defendant's alleged wrongful interpretation or application of the WDCA, plaintiff has not asserted or identified any constitutional right *of its own* that defendant is allegedly violating. This exception to sovereign immunity is therefore inapplicable.

Finally, this Court *must* follow caselaw from our Supreme Court. *Pellegrino v AMPCO Sys Parking*, 486 Mich 330, 352-354; 785 NW2d 45 (2010); *Paige v Sterling Hts*, 476 Mich 495, 524; 720 NW2d 219 (2006). Our Supreme Court has unequivocally held that compliance with MCL 600.6431(1) is a precondition to *any* suit (other than claims under WICA) against the state. *Christie*, 511 Mich at 64. We recognize that *Christie* had not yet been decided when the Court of Claims denied defendant's motion for summary disposition. Nevertheless, irrespective of the nature of the relief plaintiff seeks, this Court and plaintiff are bound by *Christie*. Because plaintiff did not file notice of intent to file its claim or file its complaint within a year of the accrual of its claims, plaintiff's complaint must be dismissed.

The order denying defendant's motion for summary disposition is reversed, and we remand for entry of an order dismissing the case. We do not retain jurisdiction. Defendant, being the prevailing party, may tax costs. MCR 7.219(A).


/s/ Kathleen A. Feeney
/s/ Michael J. Kelly
/s/ Michelle M. Rick