KIPKA v FOUNTAIN

Docket No. 148957. Submitted October 7, 1992, at Marquette. Decided
     March 1, 1993, at 9:55 A.M.

Donn G. Kipka, Jr., and Kristine D. Kipka brought an action in
     the Marquette Circuit Court against Joseph Fountain and Anne
     Fountain, seeking to quiet title to a strip of land five feet
     beyond the recorded property line shared by the parties but on
     the plaintiffs' side of a retaining wall dividing the properties.
     The defendants counterclaimed trespass. Following a bench
     trial, the court, John A. Mikkola, J., entered judgment for the
     defendants, rejecting the plaintiffs' contention that they had
     acquired title to the disputed strip by acquiescence or adverse
     possession. The plaintiffs appealed.

     The Court of Appeals *held:*

     1. The trial court correctly determined that the plaintiffs had
     not acquired title by acquiescence in the absence of an agree-
     ment between the parties or their predecessors in interest to
     treat the retaining wall as the boundary line.

     2. A person who claims adverse possession must establish,
     inter alia, that an action by the owner of record to recover
     possession of the land would be barred by the fifteen-year
     statute of limitations governing such actions. In this case,
     because the plaintiffs failed to make such a showing, the trial
     court did not err in entering judgment for the defendants.

     Affirmed.

ADVERSE POSSESSION — STANDARD OF PROOF.

     Adverse possession must be established by clear and cogent proof
     that the claimant's possession was actual, visible, open, notori-
     ous, exclusive, continuous, and uninterrupted for the statutory
     period of fifteen years during which the owner of record could
     have brought an action to recover possession of the land (MCL
     600.5801; MSA 27A.5801).

*Murphy & Clark* (by *F. Gregory Murphy*), for
the plaintiffs.

REFERENCES
Am Jur 2d, Adverse Possission §§ 8, 311.
See ALR Index under Adverse Possession.

*Marvin L. Heitman,* for the defendants.

Before: Connor, P.J., and Brennan and Marilyn Kelly, JJ.

Connor, P.J. The trial court entered judgment for defendants after a bench trial. Plaintiffs appeal as of right. We affirm.

This action to quiet title arose as a result of a dispute over the ownership of a retaining wall and strip of land approximately five feet wide and one hundred feet long. Defendants are the holders of record title to the land and the wall, while plaintiffs claim to have title by adverse possession or acquiescence.

The facts below were not in serious dispute, although their meaning was hotly contested. Our review of the trial court's findings of fact and conclusions of law leaves us convinced that the trial court misapplied the law of acquiescence and adverse possession to the facts. We are therefore not limited to reviewing the facts for clear error. See *Beason v Beason,* 435 Mich 791, 804-805; 460 NW2d 207 (1990). However, because we conclude the trial court reached the right result, we affirm the judgment.

In 1954, Ted Gasper erected a fence along the southern boundary of his land. In 1958, a gas station was built on the land south of the fence. Gasper was not just a neighbor to the gas station, he owned shares in it.

At some point a retaining wall was built between Gasper's house and the gas station, and the fence Gasper had erected was removed. Gasper knew that the retaining wall had not been built on the property line, but he maintained the five-foot strip of the gas station's land that was on "his" side of the wall. Gasper's wife died, and he remar-

ried. Gasper and his second wife, Libby, separated. Libby Gasper wound up with the house, and Ted Gasper sold his shares in the gas station.

On June 3, 1975, plaintiffs purchased the house from Libby. By then there was a fence running atop the retaining wall. They thought they had bought all the land up to the retaining wall, but they soon discovered otherwise. After they ripped out an overgrowth of vines along the wall and discovered a jog in the fence where another neighbor's property and the retaining wall met, they talked to Ted Gasper and learned that the retaining wall had not been built along the property line. Nonetheless, they continued to maintain and improve the land on their side of the wall. They removed a fountain, planted trees and shrubs, built a fence, and planted a garden.

On August 1, 1979, defendants purchased the gas station and converted it to a submarine sandwich store. They too learned from Ted Gasper that the retaining wall was not on the property line. Nonetheless, they did nothing to maintain the land on the other side of the wall and took no action to prevent plaintiffs from treating it as their own.

In the fall of 1989, defendants had the land surveyed. They confirmed that the recorded property line was five feet to the north of the retaining wall. The surveyors staked out the recorded property line, but defendants took no other action to regain possession of the land from plaintiffs. On June 8, 1990, plaintiffs filed this action to quiet title to the disputed land. On July 5, 1990, defendants filed a trespass counterclaim.

The trial court found that plaintiffs had not acquired title by acquiescence because there had never been any agreement to treat the retaining wall as a boundary line. The trial court found that

plaintiffs had not acquired title by adverse possession because their predecessors had enjoyed permissive use of the land and permissive use can never ripen into a claim of adverse possession.

There is a species of acquiescence that does require an agreement to treat something as a boundary line. See *Jackson v Deemar,* 373 Mich 22; 127 NW2d 856 (1964). However, that type of acquiescence was not claimed in this case. And while the trial court was correct that permissive use cannot ripen into a claim of adverse possession, it failed to recognize that this is because the use must be "hostile" to the title of the true owner to be adverse. See *Burns v Foster,* 348 Mich 8, 15; 81 NW2d 386 (1957). Consequently, if the character of the possession changes to openly and unmistakably hostile, prior peaceful use should not defeat a claim of fifteen years of adverse possession.

At the root of claims of title by adverse possession and by the type of acquiescence plaintiffs claim is the statute of limitations on actions to recover possession of land. In most cases, an action for the recovery or possession of land must be brought within fifteen years after the cause of action first accrues. MCL 600.5801; MSA 27A.5801.

The law of acquiescence is concerned with a specific application of the statute of limitations to cases of adjoining property owners who are mistaken about where the line between their property is. Adjoining property owners may treat a boundary line, typically a fence, as the property line. If the boundary line is not the recorded property line, this results in one property owner possessing what is actually the other property owner's land. Regardless of the innocent nature of this mistake, the property owner whose land is being possessed by another would have a cause of action against the other property owner to recover possession of

the land. After fifteen years, the period for bring-
ing an action would expire. The result is that the
property owner of record would no longer be able
to enforce his title, and the other property owner
would have title by virtue of his possession of the
land. See *Jackson, supra,* p 26.

We agree with the trial court that plaintiff did
not acquire title by acquiescence. The record does
not reveal any substantial period of time when the
adjoining property owners thought that the retain-
ing wall was the boundary line. Ted Gasper cer-
tainly knew it was not. Although plaintiffs thought
that it was when they bought their house, they
soon learned otherwise.

The law of adverse possession is not at odds with
the law of acquiescence. Rather, it is just the
general law of acquiring title by the operation of
the statute of limitations. A claim of adverse
possession requires clear and cogent proof that
possession has been actual, visible, open, notorious,
exclusive, continuous, and uninterrupted for the
statutory period of fifteen years. *Thomas v Rex A
Wilcox Trust,* 185 Mich App 733, 736; 463 NW2d
190 (1990). These are not arbitrary requirements,
but the logical consequence of someone claiming
by adverse possession having the burden of prov-
ing that the statute of limitations has expired. To
claim by adverse possession, one must show that
the property owner of record has had a cause of
action for recovery of the land for more than the
statutory period. A cause of action does not accrue
until the property owner of record has been dis-
seised of the land. MCL 600.5829; MSA 27A.5829.
Disseisin occurs when the true owner is deprived
of possession or displaced by someone exercising
the powers and privileges of ownership. Black's
Law Dictionary (4th ed), pp 558-559. If the true
property owner regains possession of the land and

loses it again, a new cause of action accrues. MCL 600.5843; MSA 27A.5843. Thus, the person claiming by adverse possession must show that his possession has been actual, visible, open, and notorious to demonstrate that the owner of record has been dispossessed of the land, and must show that his possession has been exclusive, continuous, and uninterrupted to demonstrate that no new cause of action has accrued.

In this case, for plaintiffs to have acquired title to the property by adverse possession, there must be some time when defendants or their predecessors were disseised of the land. The mere act of building the retaining wall would not have done so. In fact, the wall had a staircase on it, providing easy access from the gas station to the land on the other side of the wall. Nor can we conclude that the Gaspers' mowing of the grass deprived defendants' predecessors of possession of the land. Considering the relationship between Ted Gasper and the gas station, there is no reason to conclude anything other than that the Gaspers were being good neighbors and good shareholders in the gas station.

The erection of the fence along the top of the wall could have deprived the defendants' predecessors of possession. However, no evidence was presented about who built the fence or why. Because there is a presumption that land is possessed by the owner of record unless it is shown to be otherwise, see MCL 600.5867; MSA 27A.5867, we cannot conclude that the fence on the wall deprived the defendants' predecessors of possession of the land.

Thus, until plaintiffs purchased their house in June of 1975, there is no evidence that defendants' predecessors had been disseised of the land. The evidence did show that thereafter plaintiffs treated

the land as their own, and did so unmistakably.
They removed the vines without permission. They
removed a fountain without permission. They
planted trees and shrubs without permission. They
blocked defendants' access to the land with a fence
without permission. They planted a garden with-
out permission. In short, plaintiffs exercised the
powers of ownership in such a way that they
deprived first the defendants' predecessors and
then defendants of any meaningful possession of
the land to the north of the retaining wall. There-
fore, a cause of action against plaintiffs definitely
accrued at some point.

The record shows that neither defendants nor
their predecessors took any action to regain posses-
sion of the land until July 5, 1990, when they filed
a trespass counterclaim against plaintiffs. Thus,
the controlling issue is whether defendants' cause
of action accrued before or after July 5, 1975.

Plaintiffs contend that the cause of action first
accrued when they purchased their house on June
3, 1975. We cannot agree. The mere purchase of
the house did nothing to deprive the defendants'
predecessors of possession of the land or to exer-
cise the powers of ownership of the land. That
took place when plaintiffs began visibly treating
the land as their own by ripping out the vines and
fountain, and planting trees and shrubs. The rec-
ord before us only establishes that, by September
1975, plaintiffs had removed the vines and over-
turned the sod in order to plant some shrubs.

The burden was on plaintiffs to prove that defen-
dants and their predecessors had had a cause of
action against them for over fifteen years. Conse-
quently, it was their burden to show that the
cause of action first accrued before July 5, 1975,
not after. All we can conclude with any certainty
is that plaintiffs did not meet that burden. The

dispossession of defendants took place during the summer of 1975, but plaintiffs did not establish whether it happened before or after July 5.

Because plaintiffs did not demonstrate that the limitation period had expired, defendants' title remained enforceable and plaintiffs did not acquire title by adverse possession. Therefore, the trial court properly entered judgment for defendants.

Affirmed.