# STATE OF MICHIGAN

# COURT OF APPEALS

DAVID FERTEL,

   Plaintiff-Appellant,

v

VILLAGE OF WOLVERINE LAKE,

   Defendant-Appellee,

and

HOMEOWNERS ASSOCIATION,

   Defendant.

UNPUBLISHED
March 2, 2017

No. 330169
Oakland Circuit Court
LC No. 2014-143691-CH

Before: JANSEN, P.J., and BECKERING and GADOLA, JJ.

PER CURIAM.

In this property dispute, plaintiff, David Fertel, appeals as of right the trial court's order granting summary disposition to defendant, Village of Wolverine Lake, pursuant to MCR 2.116(C)(8) (failure to state a claim) and MCR 2.116(C)(10) (no genuine issue of material fact). We affirm.

Plaintiff and defendant own adjacent parcels of property in Oak Island Subdivision in the Village of Wolverine Lake.[1]  Plaintiff acquired his parcel, which consists of lots 114 and 115 in 1992, after which he constructed a five- to six-foot wide berm where the previous owners had maintained a garden.  To the southwest of plaintiff's parcel is a parcel consisting of lots 109-113.

---

[1] The parcels also include title to the centerline of a platted street known as Middle Drive that had been vacated pursuant to resolution in 1989.  The disputed property is located in what once was Middle Drive.  Plaintiff's contention that, since 1989, the "real estate within the metes and bounds of Middle Drive has been in titular limbo" is incorrect.  Pursuant to MCL 560.227a(2) where a platted roadway is vacated, "[i]f the lots on either side of the vacated street or alley belong to different [owners], title up to the center line of the vacated street or alley shall vest in the respective [owners] of the abutting lots on each side."

-1-

Defendant obtained this parcel by quitclaim deed in 1999, subsequently turning it into a public park. Plaintiff's berm encroached an unspecified distance onto defendant's property. At some point, plaintiff also began storing his boat on defendant's property, near the berm he had constructed. On August 19, 2014, defendant sent plaintiff a letter informing him that the boat was parked on defendant's property and that any continued trespass would result in a civil infraction. Plaintiff refused to move the boat, and, as a result, defendant issued a citation against him.

On October 24, 2014, plaintiff brought a claim of adverse possession against defendant.[2] After discovery, defendant filed a motion for summary disposition under MCR 2.116(C)(7) (immunity granted by law), (8), and (10). Plaintiff failed to file an answer. At the hearing on defendant's motion, plaintiff addressed some of defendant's arguments, mostly asserting that plaintiff's claims were not barred by governmental immunity and that plaintiff met the statutory 15-year period for adverse possession. Plaintiff did not call any witness or seek to introduce any exhibits into evidence, nor did he assert any specific facts regarding the case; rather, plaintiff generally maintained that he "ha[d] continuously and openly maintained" the berm "and ha[d] made improvements to the said property."

The trial court granted defendant's motion under MCR 2.116(C)(8), finding that plaintiff's claim that he had created, traversed, and maintained the berm did not indicate that he had disseised defendant of the land. The trial court also granted defendant's motion under MCR 2.116(C)(10), finding that plaintiff failed to establish a genuine issue of material fact regarding his claim, and, therefore, that defendant was entitled to judgment as a matter of law.

Plaintiff's sole argument on appeal is that the trial court erred by not considering evidence that he disseised defendant of the disputed land. We disagree. This Court reviews a trial court's grant of summary disposition de novo to determine whether the moving party was entitled to judgment as a matter of law. *Arabo v Michigan Gaming Control Bd*, 310 Mich App 370, 382; 872 NW2d 223 (2015).

"A motion under MCR 2.116(C)(8) tests the legal sufficiency of the complaint on the basis of the pleadings alone to determine if the opposing party has stated a claim for which relief can be granted." *Hackel v Macomb Co Comm*, 298 Mich App 311, 315; 826 NW2d 753 (2012) (citation and quotation marks omitted). "A reviewing court must accept all well-pleaded allegations as true and construe them in the light most favorable to the nonmoving party." *Id*. "The motion should be granted only if no factual development could possibly justify a recovery." *Id*. "However, a mere statement of conclusions that are not supported by allegations of fact will not suffice to state a cause of action." *Golec v Metal Exch Corp*, 208 Mich App 380, 382; 528 NW2d 756 (1995).

"In reviewing an MCR 2.116(C)(10) motion, we are to consider all the documentary evidence in the light most favorable to the nonmoving party." *Arabo*, 310 Mich App at 382

---

[2] Plaintiff's complaint also included a count to quiet title through acquiescence. Plaintiff does not appeal the trial court's dismissal of that count.

(citation and quotation marks omitted). Summary disposition under MCR 2.116(C)(10) is proper if there is "no genuine issue regarding any material fact and the moving party is entitled to judgment as a matter of law." *Latham v Barton Malow Co*, 480 Mich 105, 111; 746 NW2d 868 (2008).

"To establish adverse possession, the party claiming it must show clear and cogent proof of possession that is actual, visible, open, notorious, exclusive, continuous and uninterrupted for the statutory period of 15 years, hostile and under cover of claim of right." *Beach v Twp of Lima*, 489 Mich 99, 106; 802 NW2d 1 (2011). "The 15-year period begins when the rightful owner has been disseised of the land." *Canjar v Cole*, 283 Mich App 723, 731; 770 NW2d 449 (2009). "Disseisin occurs [for purposes of an adverse possession claim,] when the true owner is deprived of possession or displaced by someone exercising the powers and privileges of ownership." *Kipka v Fountain*, 198 Mich App 435, 439; 499 NW2d 363 (1993) (alteration added).

In this case, the only specific factual allegations included in plaintiff's complaint were that he constructed a berm on defendant's property, that he routinely traversed the berm to access the public park, and that he maintained the berm year-round. In *Kipka*, 198 Mich App at 440, this Court ruled that "[t]he mere act of building [a] retaining wall" and mowing the defendant's grass that lay on the plaintiff's side of the retaining wall was not sufficient to prove that the plaintiff disseised defendant of the disputed land. This case is analogous to *Kipka*; merely constructing and maintaining a berm is insufficient to deprive the true owner of possession of his or her property. Plaintiff did not use defendant's property in a way that deprived defendant of possession or that showed plaintiff was exercising the powers and privileges of ownership of that property. *Id*. at 439. Rather, plaintiff merely maintained the property, which is insufficient to show that he disseised defendant of it. *Id*. at 440.

Plaintiff argues that this case is distinguishable from *Kipka* because he parked his boat and vehicles on the disputed property and constructed a driveway and garden on the property. However, this information was not contained in plaintiff's complaint or any other lower court file, and so we do not consider it when reviewing the trial court's decision on defendant's motion for summary disposition. See *Quinto v Cross & Peters Co*, 451 Mich 358, 366 n 5; 547 NW2d 314 (1996) (finding that evidence submitted after the trial court ruled on a motion for summary disposition could not be considered when reviewing the lower court's decision). For the same reason, we decline to consider the photographic evidence plaintiff attached to his brief to this Court. *Id*. Therefore, based on the evidence submitted to the trial court, we conclude that the trial court did not err by finding that plaintiff did not plead sufficient factual allegations to support a claim of adverse possession.

We also conclude that the trial court properly granted defendant's motion under MCR 2.116(C)(10). Plaintiff did not file an answer to defendant's motion for summary disposition, nor did he present any testimony at the hearing to establish the existence of a genuine issue of material fact. Plaintiff had the burden at trial to prove the elements of adverse possession. See *Beach*, 489 Mich at 106. Therefore, once defendant met its initial burden by supporting its motion with admissible evidence, in order to avoid summary disposition, plaintiff had to "go beyond the pleadings to set forth specific facts showing that a genuine issue of material facts exists." *Quinto*, 451 Mich at 362. Plaintiff failed to do this. Specifically, plaintiff presented no

evidence that his use of the disputed property was exclusive or hostile, i.e., "inconsistent with the right of the owner, without permission asked or given, that would entitle the owner to a cause of action against the intruder for trespassing."[3] *Mulcahy v Verhines*, 276 Mich App 693, 702; 742 NW2d 393 (2007).  The only evidence before the trial court that plaintiff disseised defendant of the land was in a sworn affidavit from plaintiff that he constructed and maintained the berm on defendant's land.  However, as previously discussed, this was insufficient to establish disseisin.  Plaintiff failed to produce any other evidence before the trial court that established the existence of a material factual dispute.  See *Quinto*, 451 Mich at 362-363.  Accordingly, the trial court ruled on the undisputed facts before it and properly concluded that plaintiff failed to establish a claim of adverse possession as a matter of law.

We affirm.


/s/ Kathleen Jansen
/s/ Jane M. Beckering
/s/ Michael F. Gadola

---

[3] Even if we were inclined to consider and view as hostile plaintiff's parking his vehicles and boat on defendant's property, plaintiff presented no evidence that he had parked these objects on defendant's property continuously for 15 years.