*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

BROOKSIDE DEVELOPMENT CO., LLC,

        Plaintiff/Counterdefendant-Appellant,

v

BROOKSIDE INVESTORS, LLC,

        Defendant-Appellee,

and

CITY OF BRIGHTON,

        Defendant/Counterplaintiff-Appellee.

UNPUBLISHED
August 26, 2021

No. 351495
Livingston Circuit Court
LC No. 17-029375-CH

Before: STEPHENS, P.J., and BORRELLO and GLEICHER, JJ.

PER CURIAM.

Plaintiff, Brookside Development Co., LLC, appeals as of right an order granting summary disposition to defendants, Brookside Investors, LLC (BI),[1] and City of Brighton (Brighton), under MCR 2.116(C)(7) (statute of limitations). We affirm.

## I. BACKGROUND

Plaintiff acquired a parcel of land in Brighton to operate a shopping center. The land contract for the parcel was executed in 1986, and plaintiff acquired title in 1989. It is not disputed that Brighton holds an easement over the property pursuant to an easement agreement (EA) executed in 1986 by the seller of the property. A road, Brookside Lane, was constructed by plaintiff within the easement area. Brighton and BI contend, primarily on the basis of the language

---

[1] Both plaintiff and BI had predecessors in interest, but for ease of reference we simply employ the terms "plaintiff" and "BI" in this opinion, because no party argues that the changes in interest have any impact on the appeal.

of the EA, that Brookside Lane is a public road owned by Brighton. In 2014, Brighton granted permission to BI to make a curb cut into Brookside Lane, to allow customers for BI's business to use the road. Plaintiff objected, claimed that it owned Brookside Lane, and claimed that the EA provided merely a utility easement, not an easement for a public road. Various motions for summary disposition were filed, and eventually the court granted summary disposition to defendants on the basis that the 15-year period of limitations for plaintiff's lawsuit had long since expired.

## II. ANALYSIS

Plaintiff contends that the trial court erred by granting defendants' final, joint motion for summary disposition.

This Court reviews de novo a lower court's decision regarding a motion for summary disposition. *Dextrom v Wexford Co*, 287 Mich App 406, 416; 789 NW2d 211 (2010). Summary disposition is proper under MCR 2.116(C)(7) when a claim is barred by the statute of limitations. *Waltz v Wyse*, 469 Mich 642, 647; 677 NW2d 813 (2004).

> When reviewing a motion under MCR 2.116(C)(7), this Court must accept all well-pleaded factual allegations as true and construe them in favor of the plaintiff, unless other evidence contradicts them. If any affidavits, depositions, admissions, or other documentary evidence are submitted, the court must consider them to determine whether there is a genuine issue of material fact. If no facts are in dispute, and if reasonable minds could not differ regarding the legal effect of those facts, the question whether the claim is barred is an issue of law for the court. However, if a question of fact exists to the extent that factual development could provide a basis for recovery, dismissal is inappropriate. [*Dextrom*, 287 Mich App at 428-429; citations omitted.]

MCL 600.5801 states:

> *No person may bring or maintain any action for the recovery or possession of any lands or make any entry upon any lands unless, after the claim or right to make the entry first accrued to himself or to someone through whom he claims, he commences the action or makes the entry within the periods of time prescribed by this section.*

> (1) **Defendant claiming title under fiduciary's deed or court-ordered sale.** When the defendant claims title to the land in question by or through some deed made upon the sale of the premises by an executor, administrator, guardian, or testamentary trustee; or by a sheriff or other proper ministerial officer under the order, judgment, process, or decree of a court or legal tribunal of competent jurisdiction within this state, or by a sheriff upon a mortgage foreclosure sale the period of limitation is 5 years.

> (2) **Defendant claiming title under tax deed.** When the defendant claims title under some deed made by an officer of this state or of the United States who

is authorized to make deeds upon the sale of lands for taxes assessed and levied within this state the period of limitation is 10 years.

> (3) **Defendant claiming title under will.** When the defendant claims title through a devise in any will, the period of limitation is 15 years after the probate of the will in this state.

> (4) **Other cases.** *In all other cases under this section, the period of limitation is 15 years.* [Emphases added.]

"[T]he period of limitations for actions to quiet title is 15 years" under MCL 600.5801(4). *Adams v Adams*, 276 Mich App 704, 710; 742 NW2d 399 (2007).

Plaintiff raised a claim in its complaint for "declaratory relief and quiet title," arguing that defendants had not demonstrated that Brookside Lane was a public road and that plaintiff "is entitled to have the underlying fee quieted once and for all in its name free from any claim by the public except for the easement which has been recorded against the property." Accordingly, plaintiff raised an action to quiet title, and that a 15-year limitations period applied.

MCL 600.5827 states:

> Except as otherwise expressly provided, the period of limitations runs from the time the claim accrues. The claim accrues at the time provided in sections 5829 to 5838, and in cases not covered by these sections the claim accrues at the time the wrong upon which the claim is based was done regardless of the time when damage results.

MCL 600.5829 states, in part:

> The right to make an entry on, and the claim to recover land accrue:

> (1) Whenever any person is disseised, his right of entry on and claim to recover land accrue at the time of his disseisin[.]

"Disseisin occurs when the true owner is deprived of possession or displaced by someone exercising the powers and privileges of ownership." *Kipka v Fountain*, 198 Mich App 435, 439; 499 NW2d 363 (1993); see also *Adams*, 276 Mich App at 720. As stated in *Adams*, *id*., "a party may . . . be disseised by a claimant who asserts ownership not as an adverse possessor, but under color of deed."

The EA states that the parcel's seller received consideration from Brighton in exchange for giving Brighton:

> permanent easements and rights-of-way for the installation, maintenance, repair and replacement of sanitary sewer with appurtenances, pumping stations, watermains with appurtenances, storm sewers, public roads and for any other use, upon and across the described land as delineated on page two of the attached

"PROPOSED ROAD RIGHT-OF-WAY AND PUBLIC UTILITY EASEMENT[.]"

The EA also states:

> 2. These easements may be used by the City of Brighton or by any of its licensees, grantees or assignees for any public purpose.

An April 22, 1987 letter sent by the city manager to agents of plaintiff stated, in part:

> [I]t appears that the [proposed] development and parking are encroaching onto *the public right-of-way*. . . .
>
> The type of lighting provided in this area must be sufficient to light the *public street*.
>
> * * *
>
> We need to see a detail of the design of the roadway being proposed to service the site. As you are aware, *this roadway would be a public thoroughfare*; thus, it is important that the roadway be built to proper standards.
>
> * * *
>
> *The present site plan that you have completed indicated the installation of a boulevard island within the public roadway area. Planning Consultant Greimel has indicated that it is his belief that this is an unworkable design feature, and should be removed.* [Emphases added.]

In addition, in a January 23, 1990 letter to plaintiff, the city manager stated, in part:

> As you will recall, the approved site plan for the Brookside Mall called for a publicly dedicated right-of-way off of Grand River Avenue to service your development. . . .
>
> In an effort to resolve [issues with parking on Brookside Lane], the City Council adopted Traffic Control Order D-122, which prohibits parking on the south side of Brookside Lane. Signs will be posted within the next ten days . . . .
>
> [I]f this effort does not remediate the problem, parking on the north side of Brookside Lane may also have to be prohibited entirely.

The trial court did not err by finding that the limitations period for plaintiff's quiet-title claim had expired by the time of its 2017 lawsuit. Plaintiff claims that Brookside Lane is a private road owned by it and that no disseisin occurred until the curb cuts authorized by the city in 2014, but the city was exercising dominion over the proposed road in 1987 and over the actual road in 1990. In *Adams*, the Court found that the notice of disseisin began the limitations period and occurred when the plaintiff acquired notice of the existence of an adverse deed. *Id*. at 721. In the

-4-

present case, plaintiff had notice of Brighton's claim to the road far in advance of the 15-year period preceding the filing of its complaint.

Plaintiff contends that the statute of limitations did not bar its claim for a declaratory judgment. As set forth in *Taxpayers Allied for Constitutional Taxation v Wayne Co*, 450 Mich 119, 128; 537 NW2d 596 (1995):

> Limitations statutes do not apply to declaratory judgments as such. Declaratory relief is a mere procedural device by which various types of substantive claims may be vindicated. There are no statutes which provide that declaratory relief will be barred after a certain period of time. Limitations periods are applicable not to the form of the relief but to the claim on which the relief is based. [Quotation marks and citation omitted.]

"Once a court determines which statute of limitations applies, however, the time at which the claim accrues for purposes of applying that statute depends on the type of relief sought." *Id*. at 128 n 10. "Claims for declaratory relief necessarily derive from claims for substantive relief because declaratory relief lies only in cases of 'actual controversy,' and not merely for abstract declarations of rights divorced from a factual context." *Id*. (citations omitted). "Declaratory relief may not be used to avoid the statute of limitations for substantive relief." *Id*. at 129.

In *Taxpayers United*, the Court stated:

> On the basis of the proposed class averments, which include not only individuals who have paid the tax but also "all persons who presently own real property in Wayne County" and who thus may be subject to the increased tax rate, there appear to be two actual controversies that might form the basis for declaratory relief. The first is whether plaintiff may obtain a refund for taxes paid in the past. The second is whether potential class members who are currently residents of Wayne County must pay the increased tax in the future. [*Id*. at 128-129.]

The Court stated that the first type of controversy was time-barred but stated:

> For purposes of the second controversy—whether members of the potential class who are currently Wayne County property owners must pay the increased tax in the future—the statute of limitations would not bar an otherwise valid claim for declaratory relief because it would derive from a claim for injunctive relief, which is not barred [as set forth earlier in the opinion.] [*Id*. at 129.]

In the present case, plaintiff sought the following "combined" relief for counts I and II of the complaint:

> Plaintiff respectfully requests that this [c]ourt enter an Order quieting title to the Brookside Parcel to the Plaintiff and declaring that the property is not a public road but is rather private property owned by the Plaintiff subject to an easement held by the City for installation of its sanitary sewer and storm sewer system, together with a road right-of-way for access to those facilities.

In its response to defendants' joint motion for summary disposition, plaintiff admitted that "[t]he first two counts [i.e., quiet title and declaratory relief] are collapsed in the complaint[.]"

This case is not like *Taxpayers United*, wherein there was a viable alternative claim underlying the request for declaratory relief.[2] Plaintiff is attempting to use its "declaratory judgment" argument to avoid the limitations period for its quiet-title action. No error on the part of the trial court is apparent.

Plaintiff also contends that its trespass claim against BI should be allowed to proceed. However, plaintiff's counsel said the following at the June 13, 2019 hearing:

> So, again, what we brought was [sic] two things: declaratory relief against the City of Brighton, is it or is it not a public road, and then trespass against the neighboring property owner. *The only thing that the plaintiff brought today is the first issue because, obviously, if it's a public road, there's no trespass.* If it's not a public road, then the trespass claim goes forward. [Emphasis added.]

In addition, in its response to defendants' joint motion for summary disposition, plaintiff stated:

> In this case, the Plaintiff pled four counts, Declaratory Relief, Quiet Title, Trespass and Injunction. *The last two counts are aimed at Defendant [BI] and are dependent upon the determination of the first two counts.* [Emphasis added.]

"A party may not take a position in the trial court and subsequently seek redress in an appellate court that is based on a position contrary to that taken in the trial court." *Holmes v Holmes*, 281 Mich App 575, 587-588; 760 NW2d 300 (2008) (quotation marks and citations omitted). Thus, plaintiff's argument that the trespass claim remained viable is without merit.

Plaintiff contends that the trial court erred by entertaining defendants' final, joint motion for summary disposition because it was filed too late in the proceedings. We review this issue for an abuse of discretion. See *Kemerko Clawson LLC v RXIV, Inc*, 269 Mich App 347, 349; 711 NW2d 801 (2005). See *Kemerko Clawson LLC v RXIV, Inc*, 269 Mich App 347, 349; 711 NW2d 801 (2005) (This Court "reviews for an abuse of discretion a trial court's decision to decline to entertain motions filed after the deadline set forth in its scheduling order.") An abuse of discretion occurs when the court chooses an outcome outside the range of reasonable and principled outcomes. *Maldonado v Ford Motor Co*, 476 Mich 372, 388; 719 NW2d 809 (2006).

The scheduling order for this case was amended many times. It is not clear to what date plaintiff is referring when it argues in its primary appellate brief that "the dispositive motion deadline had come and gone per court order" before defendants' joint motion. In addition, plaintiff

---

[2] Plaintiff argues on appeal that its claim against BI provided an alternative basis for its request for declaratory relief and that it was not harmed by BI until 2014. But the declaratory relief was sought specifically in connection with the quiet-title claim against Brighton. In addition, as discussed *infra*, plaintiff admitted that the claim against BI was specifically dependent on the claim against Brighton.

cites no legal authorities in support of this issue on appeal. "[A] mere statement without authority is insufficient to bring an issue before this Court." *Wilson v Taylor*, 457 Mich 232, 243; 577 NW2d 100 (1998). At any rate, it was clearly not outside the range of reasonable and principled outcomes, *Maldonado*, 476 Mich at 388, for the trial court to entertain the joint motion when this motion raised the same issue that defendants had clearly and definitively raised earlier but that a prior presiding judge—evidently in an attempt to encourage a settlement—had explicitly declined to rule on at the time.

Plaintiff next argues that the lower court should have granted its motion for summary disposition on the question regarding whether defendants presented sufficient evidence that Brookside Lane was a public road under the highway-by-user or common-law-dedication doctrines. We need not address this issue because our resolution of the statute-of-limitations issue renders it moot. Plaintiff filed an untimely lawsuit.[3]

Affirmed.

/s/ Cynthia Diane Stephens
/s/ Stephen L. Borrello
/s/ Elizabeth L. Gleicher

---

[3] We also point out that plaintiff's argument about the easement being merely a "utility easement" is not in accord with the plain language of the EA. The case of *Blackhawk Dev Corp v Village of Dexter*, 473 Mich 33, 36-49; 700 NW2d 364 (2005), supports Brighton's actions under the EA in this case.