*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

ELAINE T. CAMPBELL,

Plaintiff-Appellant,

v

TRACY LEWANDOWSKI, THOMAS LEWANDOWSKI, JOHN DOE, and MARY DOE,

Defendants-Appellees.

UNPUBLISHED
January 12, 2023

No. 359688
Oakland Circuit Court
LC No. 2020-184441-CZ

Before: CAVANAGH, P.J., and O'BRIEN and RICK, JJ.

PER CURIAM.

Plaintiff appeals as of right the trial court's order granting summary disposition to defendants[1] on plaintiff's claim of ownership through adverse possession to a strip of land that is part of defendants' lot, and by denying plaintiff's request for leave to amend her complaint to add a claim of ownership through acquiescence. We affirm.

After plaintiff moved into her current lot, the previous owners of defendants' property installed a fence roughly 2 feet inside their property line. This fence extended roughly 70 feet, or about $^1/_3$ the length of the border between the parties' lots, and was set at a slight angle from the true property line. The city of Troy, where both parties reside, has an ordinance prohibiting fences from being placed directly on the property line, thereby requiring them to be placed inside the installer's property boundary. Since the fence was installed, plaintiff or someone on plaintiff's behalf mowed the 2 feet of defendants' property that was beyond the fence.

---

[1] Though John Doe and Mary Doe are listed as defendants, it does not appear that they were ever identified, represented by counsel, or made an appearance in the trial court. Therefore, we use "defendants" to refer only to Tracy Lewandowski and Thomas Lewandowski.

-1-

Plaintiff's complaint sought to quiet title to the strip of land between the fence and her property line,[2] claiming she acquired it through adverse possession. Defendants eventually moved for summary disposition, claiming that the only evidence of plaintiff's "possession" or control over the disputed property was her claim that someone on her behalf mowed the area between the fence and her property. Defendants argued that this was not sufficient to show that plaintiff dispossessed defendants of the property in light of the presumption that defendants, as owners of record, possessed the disputed property.

In response to defendants' motion, plaintiff argued that she established her adverse possession claim because the fence had been in "existence" for more than 15 years, and defendants could not "say that Plaintiff . . . was not in exclusive use and possession of the disputed strip of land" as defendants never "maintained the property on [plaintiff's] side of the fence." She also requested to amend her complaint to add a claim of acquiescence, asserting that both parties had treated the fence as the property line for over 15 years.

In granting defendants' motion, the trial court reasoned that plaintiff failed to create a question of fact whether she dispossessed defendants of the disputed property because, among other reasons, "mowing grass alone cannot be said to deprive the title owners of possession." The trial court also denied plaintiff's request to amend her complaint, reasoning that the request was dilatory and "any amendment would be futile."

On appeal, plaintiff first argues that the trial court erred when it granted defendants' motion for summary disposition. We disagree.

We review de novo a trial court's ruling on a motion for summary disposition. *Zarzyski v Nigrelli*, 337 Mich App 735, 740; 976 NW2d 916 (2021). Defendants filed their motion under MCR 2.116(C)(8) and (10), but it is apparent that the trial court granted defendants' motion under only MCR 2.116(C)(10) because the court considered evidence outside the pleadings. See *Silberstein v Pro-Golf of America, Inc*, 278 Mich App 446, 457; 750 NW2d 615 (2008). A party is entitled to summary disposition under MCR 2.116(C)(10) when the evidence does not present a genuine issue of material fact and the party is entitled to judgment as a matter of law. *Jewett v Mesick Consol Sch Dist*, 332 Mich App 462, 470; 957 NW2d 377 (2020). "A genuine issue of material fact exists when the record, viewed in the light most favorable to the nonmoving party, leaves open an issue upon which reasonable minds might differ." *MacDonald v Ottawa Co*, 335 Mich App 618, 622; 967 NW2d 919 (2021) (quotation marks and citation omitted). "Actions to quiet title are equitable in nature, and equitable rulings are reviewed de novo." *Houston v Mint Group, LLC*, 335 Mich App 545, 557; 968 NW2d 9 (2021).

The statutory basis for claims of adverse possession is found in MCL 600.5801, which provides, in pertinent part:

---

[2] The fence sits in the middle $^1/_3$ of defendants' property, such that the front $^1/_3$ and back $^1/_3$ of the parties' lots is not separated by any fence. Plaintiff is claiming all the property that would be encompassed if one imagined that defendants' fence extended to the front and back of their property.

No person may bring or maintain any action for the recovery or possession of any lands or make any entry upon any lands unless, after the claim or right to make the entry first accrued to himself or to someone through whom he claims, he commences the action or makes the entry within the periods of time prescribed by this section.

"A claim of adverse possession requires clear and cogent proof that possession has been actual, visible, open, notorious, exclusive, continuous, and uninterrupted for the statutory period of fifteen years." *Kipka v Fountain*, 198 Mich App 435, 439; 499 NW2d 363 (1993). "A cause of action does not accrue until the property owner of record has been disseised of the land." *Id*., citing MCL 600.5829. "Disseisin occurs when the true owner is deprived of possession or displaced by someone exercising the powers and privileges of ownership." *Houston*, 335 Mich App at 558-559 (quotation marks and citation omitted).

The trial court held that plaintiff failed to present evidence creating a question of fact whether defendants or their predecessors had been disseised of the disputed land. On appeal, plaintiff points to no record evidence bringing the trial court's decision into question. She asserts that "the erection of the fence in or before 1985 resulted in [plaintiff's] entry upon" the disputed property. Yet it is undisputed that defendants' predecessors built the fence, and plaintiff does not explain how a property owner's erecting a fence on their own property somehow results in their losing possession of a portion of their property.

In *Kipka*, 198 Mich App at 436-437, the parties disputed property on top of a retaining wall, and there was evidence that someone at some point built a fence along the top of the retaining wall, barring the property owners beneath the retaining wall from accessing the land they owned on top of the retaining wall. However, as there was no evidence of who built the fence or why, this Court concluded, "Because there is a presumption that land is possessed by the owner of record unless it is shown to be otherwise, see MCL 600.5867, we cannot conclude that the fence . . . deprived the defendants' predecessors [i.e., the owners of record] of possession of the land." *Kipka*, 198 Mich App at 440. Here, the case is even less strong that the building of the fence disseised defendants or their predecessors of the disputed property because it is undisputed that defendants' predecessors built the fence.

Plaintiff otherwise argues that the trial court's conclusion that plaintiff failed to present evidence showing that defendants had been disseised of the disputed property was error because "the undisputed record evidence [is] that [defendants] never did, in fact, ever possess or exercise any dominion over the land, they never even attempted to do so, until 2020[.]" As stated, however, "there is a presumption that land is possessed by the owner of record." *Id*. Plaintiff, thus, needed to put forth evidence showing that defendants were "deprived of possession or displaced by someone exercising the powers and privileges of ownership." *Houston*, 335 Mich App at 558-559 (quotation marks and citation omitted). Assuming plaintiff is correct that defendants never did anything to demonstrate that they possessed the disputed property or exercised dominion over it, that does nothing to overcome the presumption that they possessed the property.

While not clearly argued in her brief, it seems that plaintiff is claiming that she disseised defendants of the disputed property by maintaining the grass on her side of the fence.[3]  This Court held in *Kipka*, 198 Mich App at 440, that mowing grass does not dispossess an owner of their property.  Plaintiff decries *Kipka* and claims that it should be limited to its facts.  This argument is unpersuasive because, even if we were not bound by *Kipka*, plaintiff fails to explain how mowing a 2-foot portion of an adjacent property deprives the true owner of possession or displaces the true owner from exercising the powers and privileges of ownership.  See *Houston*, 335 Mich App at 558-559.  That said, we agree with the reasoning in *Kipka*, and therefore apply the same reasoning in this case to conclude that mowing grass does not dispossess an owner of their property.

Plaintiff additionally takes issue with the trial court's reliance on *Kipka* in support of the trial court's reasoning that defendants or their predecessors were not disseised of the disputed property by the fence because defendants or their predecessors could easily walk around the fence to the other side.  In *Kipka*, this Court explained that a "[t]he mere act of building the retaining wall would not have" deprived the true property owner of possession, and added, "In fact, the wall had a staircase on it, providing easy access from the gas station to the land on the other side of the wall."  *Kipka*, 198 Mich App at 440.  This Court went on to recognize, however, that "the fence along the top of the wall could have deprived the defendants' predecessors of possession," but concluded that it did not for the reasons explained above.  *Id*.  We agree with the trial court's reading of *Kipka*—where a structure on land does not prevent the true owner from accessing his or her property, the mere building of the structure cannot be said to have dispossessed the owner of his or her land.

Plaintiff complains that the "*theoretical possibility* in light of the *concept* that [defendants] *could have* accessed the property" should not be enough to hold, as a matter of law, that defendants were not disseised of their property.  This argument, like many of plaintiff's arguments throughout her brief, misses the point.  Plaintiff had the burden of proving that defendants or their predecessors were deprived of their possession of the land.  The simple reasoning from *Kipka* on which the trial court relied is that a structure that does not prevent a property owner from accessing his or her property cannot be said to dispossess the owner of that property.  Plaintiff could have presented other evidence to establish that defendants or their predecessors were disseised of the disputed property, but she did not.

---

[3] Plaintiff asserts at various points throughout the argument portion of her brief that she asserted acts of ownership over the disputed property, but she never cites to any facts in the record to support such a claim.  In her statement of facts, she asserts that she planted plants and trees along the fence, stored various items along the fence, and even placed "structures" along the fence, but cites as support of these assertions only pictures that she attached to her brief, and those pictures do not support plaintiff's claim.  Additionally, at the hearing on defendant's motion, when asked about the alleged trees and plants plaintiff planted, plaintiff's counsel switched to talking about the back of the lot away from the fence.  Thus, the only documentary evidence in the record to support plaintiff's assertion that she exerted acts of ownership over the disputed property is the evidence that plaintiff or someone on plaintiff's behalf mowed the grass between the fence and plaintiff's property.

In sum, defendants, as the record owners of the disputed property, are presumed to possess their property, and plaintiff has failed to create a question of fact whether defendants or their predecessors were ever deprived of that possession. Accordingly, the trial court was correct when it granted defendants' motion for summary disposition.

Next, plaintiff, in a single paragraph, contests the trial court's denial of plaintiff's request for leave to amend her complaint to add a claim of acquiescence. "We review a trial court's decision regarding a plaintiff's motion to amend the pleadings for an abuse of discretion." *Sanders v Perfecting Church*, 303 Mich App 1, 8-9; 840 NW2d 401 (2013). An abuse of discretion occurs when the trial court's decision falls outside the range of principled outcomes. *Ferranti v Electrical Resources Co*, 330 Mich App 439, 443; 948 NW2d 596 (2019).

Under MCR 2.118(A)(2), a party may only amend a pleading more than 14 days after service of the pleading "by leave of the court or by written consent of the adverse party." An amendment should not be allowed where there is (1) undue delay, (2) bad faith or dilatory motive, (3) repeated failure to cure deficiencies, (4) undue prejudice, or (5) futility. *Ben P Fyke & Sons, Inc v Gunter Co*, 390 Mich 649, 659; 213 NW2d 134 (1973).

The trial court did not abuse its discretion when it denied plaintiff's complaint as dilatory. Plaintiff filed her complaint on November 4, 2020, and discovery did not close until August 16, 2021. During this time, plaintiff did not attempt to amend her complaint.[4] She only did this after defendants filed their dispositive motion.

In addition to the undue delay, plaintiff's claim of acquiescence would be futile. "An amendment would be futile if (1) ignoring the substantive merits of the claim, it is legally insufficient on its face, (2) it merely restates allegations already made; or (3) it adds a claim over which the court lacks jurisdiction." *PT Today, Inc v Comm'r of Office of Fin and Ins Serv*, 270 Mich App 110, 143; 715 NW2d 398 (2006) (internal citations omitted). Parties can acquiesce to a new property line by treating a particular boundary line as the property line. *Houston*, 335 Mich App at 567. "The three theories of acquiescence include: "(1) acquiescence for the statutory period; (2) acquiescence following a dispute and agreement; and (3) acquiescence arising from intention to deed to a marked boundary." *Id*. (quotation marks and citation omitted). Plaintiff asserted that acquiescence was established under the first category. The statutory period for acquiescence is 15 years. *Id*. at 567-568. To prove acquiescence for the statutory period, there must be proof that the owners treated the boundary line as the property line. *Id*. at 568.

There is no evidence suggesting that defendants treated the fence line as the property line, and plaintiff's argument that she should be allowed to add an acquiescence claim is devoid of any fact suggesting otherwise. In her brief on appeal, after summarizing relevant caselaw, plaintiff summarily asserts that her claim for acquiescence "is plainly established, as fully demonstrated by the undisputed proofs of record detailed above." It is wholly unclear what this is supposed to mean, as plaintiff never detailed an acquiescence claim at any point in her brief. Perhaps she is

---

[4] This was despite the fact that plaintiff's attorney represented that plaintiff would amend her complaint when unrelated deficiencies in the complaint were highlighted by defense counsel during plaintiff's deposition.

contending that facts referenced in her statement of facts establish her acquiescence claim, but if so, it is unclear what evidence in her statement of facts supports that defendants treated the fence line as the property line. It is plaintiff's responsibility to fully present her argument, which she has failed to do. See *Walters v Nadell*, 481 Mich 377, 388; 751 NW2d 431 (2008) (explaining that "courts are not the research assistants of the litigants; the parties have a duty to fully present their legal arguments to the court for its resolution of their dispute").

Regardless, it is otherwise undisputed that, when the fence was constructed, the city ordinance prohibited fences from being built on the property line. There can thus be no serious argument that, when defendants' predecessors built the fence, they believed that the fence was (or otherwise agreed to treat the fence as) the property line. It is further undisputed that the fence only ran $^{1}/_{3}$ of the way down the property on an angle. Plaintiff's argument is that the parties did not merely acquiesce to the property line where the fence is built, but that the parties allegedly agreed to use the fence as a starting point and draw an imaginary line from the fence to the edges of the property.[5] To support this claim, plaintiff needs evidence that defendants agreed that their property was confined within the imaginary line stretching from their fence to both ends of their property. Plaintiff has pointed to no such evidence. Further, plaintiff offered no new evidence in her claim of acquiescence; she merely restated the allegations in the complaint and applied a new legal theory. Accordingly, we conclude that the trial court did not abuse its discretion in denying plaintiff's motion to amend her complaint because of the undue delay and futility of doing so.

Affirmed.

/s/ Mark J. Cavanagh
/s/ Colleen A. O'Brien
/s/ Michelle M. Rick

---

[5] This distinguishes plaintiff's claim from the claims in the cases she cites on appeal—in those cases, the properties were separated by a fence, and the parties treated the fence as the property line (as opposed to agreeing that the property line was an imaginary line extending from a fence in the middle of one of the parties' property).