*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

BRENDA FENSTEMAKER,

                Plaintiff-Appellee,

v

MATTHEW FENSTEMAKER,

                Defendant-Appellant.

UNPUBLISHED
April 08, 2025
10:44 AM

No. 369772
Barry Circuit Court
LC No. 2022-000757-CH

Before: GADOLA, C.J., and WALLACE and ACKERMAN, JJ.

PER CURIAM.

In this action to quiet title to a residence and nearby wooded area based on adverse possession, defendant, Matthew Fenstemaker, appeals as of right the judgment granting plaintiff, Brenda Fenstemaker, summary disposition. Because plaintiff failed to allege adverse possession of the property, we reverse.

## I. FACTUAL BACKGROUND

Plaintiff alleges that in the early 1980s, the grandmother of her now-deceased husband owned a parcel of land (the parent parcel). According to plaintiff, the grandmother permitted the couple to permanently affix a trailer to the parent parcel, and plaintiff claims that a portion of the surrounding land (the claimed parcel) should now be titled in her name due to adverse possession. Plaintiff asserts that she and her husband "treated [the claimed parcel] as their own" by "adding additions to the original trailer and constructing outbuildings," hunting on the land, maintaining a horse pasture and garden, and hosting friends. The couple eventually constructed a home after excavating a basement and installing electric service, a septic system, and a propane tank where the trailer stood. Defendant, however, contends that he and other relatives, in addition to plaintiff and her husband, also maintained the property and used it recreationally.

Upon the grandmother's death, her property was split, with the parent parcel going to the parents of plaintiff's now-deceased husband. After plaintiff's mother-in-law passed away, her father-in-law conveyed title to the parent parcel to himself with a future interest granted to his grandson, defendant. When defendant's grandfather passed away in 2022, defendant's interest vested, making him the title owner of the parent parcel.

Plaintiff filed suit, alleging ownership of the claimed parcel under the doctrine of adverse possession. She moved for summary disposition to quiet title of the claimed parcel and argued that her more than 40-year use of the dirt driveway ripened into a prescriptive easement. The trial court granted plaintiff's motion, concluding that the excavation of the basement materially changed plaintiff's use of the property to adverse possession. The court also granted her a prescriptive easement, reasoning that her property was otherwise landlocked. Defendant appeals.

## II. STANDARD OF REVIEW

Because an action to quiet title is brought in equity, we review it de novo. *Walker v Bowen*, 333 Mich 13, 20; 52 NW2d 574 (1952). We also review de novo trial court rulings on motions for summary disposition. *Maiden v Rozwood*, 461 Mich 109, 118; 597 NW2d 817 (1999).

## III. ANALYSIS

The elements of adverse possession are well-established. "Adverse possession must be actual, visible, open, notorious, exclusive, continuous, uninterrupted for the statutory period of 15 years,[1] hostile and under cover of claim of right." *Stevenson v Aalto*, 333 Mich 582, 588; 53 NW2d 382 (1952). "The term 'hostile' as employed in the law of adverse possession is a term of art and does not imply ill will; rather, hostile use is that which is inconsistent with the right of the owner, without permission asked or given, and which would entitle the owner to a cause of action against the intruder." *Wengel v Wengel*, 270 Mich App 86, 92-93; 714 NW2d 371 (2006) (citation omitted). That said, courts strictly scrutinize claims of adverse possession. "The doctrine which sanctions the divestiture of the true owner by hostile occupancy is to be taken strictly, and the case is not to be made out by inference, but by clear and cogent proof." *Yelverton v Steele*, 40 Mich 538, 541 (1879). The clear-and-cogent-proof standard is "more than a preponderance of the evidence, approaching the level of proof beyond a reasonable doubt." *Walters v Snyder*, 225 Mich App 219, 223; 570 NW2d 301 (1997).

> [T]he true owner must have actual knowledge of the hostile claim, or the possession must be so open, visible and notorious as to raise the presumption of notice to the world that the right of the true owner is invaded intentionally and with a purpose to assert a claim of title adversely to his, or so patent that the owner could not be deceived, and such that if he remains in ignorance it is his own fault. [*Doctor v Turner*, 251 Mich 175, 186; 231 NW 115 (1930) (quotation marks and citation omitted).]

---

[1] There is a 15-year limitations period to bring an action "for the recovery or possession of any lands," MCL 600.5801(4), and "[a] cause of action does not accrue until the property owner of record has been disseised of the land." *Kipka v Fountain*, 198 Mich App 435, 439; 499 NW2d 363 (1993). As a result, the elements of an adverse possession claim "are not arbitrary requirements, but the logical consequence of someone claiming by adverse possession having the burden of proving that the statute of limitations has expired." *Id*. "To claim by adverse possession, one must show that the property owner of record has had a cause of action for recovery of the land for more than the statutory period." *Id*.

A central issue, then, in an adverse possession action is whether the claimant's possession and use of the land are based on a "claim of right." That does not necessarily require the claimant to believe that she has valid title, but she must act as though the property is her own.

> The belief or knowledge of the adverse claimant is not as important as his intentions. The intention is the controlling consideration and it is not the knowledge or belief that another has a superior title, but the recognition of that title that destroys the adverse character of possession. Claim of title or claim of right is essential to adverse possession, but it is not necessary that an adverse claimant should believe in his title, or that he should have any title. He may have no shadow of title and be fully aware of that fact, but he must claim title. He may go into possession without any claim of title, but his possession does not become adverse until he asserts one; and he may assert it by openly exercising acts of ownership, with the intention of holding the property as his own to the exclusion of all others. [*Smith v Feneley*, 240 Mich 439, 441-42; 215 NW 353 (1927).]

Whether conduct constitutes recognition of a superior title is a context-specific inquiry. In *Smith*, for example, the plaintiff "went into possession of this land under certain tax deeds" in 1907. *Id*. at 440. At the time, however, there were rumors that she could be divested of the property, prompting her to purchase a quitclaim deed from "the owner of the record title to one-half of the property" in 1912 to dispel such speculation. *Id*. at 443. When a later dispute arose over who rightfully owned the property, the defendant contended that the plaintiff's attempt to purchase that deed "recognized the superior title of" the person from whom she purchased it, but the Supreme Court held instead that it was "a fair inference from all of [the plaintiff's] testimony that there was no recognition of a superior title"; rather, "she bought the [quitclaim deed] to quiet her title." *Id*.

Here, we conclude that plaintiff's complaint fails to allege that her possession of the land was under a claim of right that was hostile to the record titleholder. According to the complaint, plaintiff was given permission "to permanently affix a trailer to the said property." While the trial court made much of the fact that "[p]ermission to affix a trailer is vastly different than digging out a basement and constructing a home" because "[a] trailer can be moved right off," that reasoning overlooks the fact that the permission granted was to *permanently* affix the trailer. Furthermore—and irrespective of whether plaintiff's subsequent improvements to the property exceeded the scope of that permission—plaintiff's complaint overtly recognizes the superior title of the defendants. It says that she and her husband "improved this property over the years *on the promise that* [her husband's grandmother] would convey the property" to them. The complaint similarly acknowledges that, upon the passing of plaintiff's grandmother-in-law, the title passed to plaintiff's father-in-law, who "continued to honor his mother's promise to convey the property" but that plaintiff "understood that this conveyance could not happen until" a mortgage was first paid off. In other words, plaintiff's complaint explicitly acknowledges that her possession of the land was not under a claim of right that was hostile to that of the record owner. Rather, she alleges that her possession was consistent with the record owner's *plan* to retain ownership until a future conveyance.

For the same reason, plaintiff also did not allege a prescriptive easement. "An easement by prescription requires elements similar to adverse possession, except exclusivity." *Higgins Lake Prop Owners Ass'n v Gerrish Twp*, 255 Mich App 83, 118; 662 NW2d 387 (2003). Plaintiff's

claim to a prescriptive easement is inextricably linked to her claim of adverse possession. She asserts that she and her husband used a portion of the parent parcel "for purposes of ingress and egress" to the claimed parcel. However, because her complaint acknowledges that defendant's title is superior and that she used the property with permission by the terms of a previous family arrangement, she has not pleaded any claim of right.

The judgment of the trial court is reversed. Because plaintiff's complaint was verified, we conclude that it would be futile to allow for an opportunity to amend the complaint under MCR 2.116(I)(5) to make different allegations that are inconsistent with our analysis. We therefore remand for entry of an order granting summary disposition to defendant.

/s/ Michael F. Gadola
/s/ Randy J. Wallace
/s/ Matthew S. Ackerman