NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

FEB 17 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| U.S. BANK, N.A., as Trustee for the Specialty Underwriting and Residential Finance Trust Mortgage Loan Asset-Backed Certificates Series 2006-BC4, <br><br> Plaintiff-Appellant, <br><br> v. <br><br> THUNDER PROPERTIES, INC., <br><br> Defendant-Appellee, <br><br> and <br><br> WESTLAND REAL ESTATE DEVELOPMENT AND INVESTMENTS, <br><br> Defendant. | No.  17-16399 <br><br> D.C. No. 3:16-cv-00501-RCJ-WGC <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Nevada
Robert Clive Jones, District Judge, Presiding

Argued and submitted September 13, 2019
Submission withdrawn October 2, 2019
Re-submitted February 15, 2022
San Francisco, California

Before:  GOULD, BEA, and FRIEDLAND, Circuit Judges.

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Appellant U.S. Bank appeals from the district court's order dismissing its claim against Appellee Thunder Properties, Inc. ("Thunder") for a declaratory judgment that U.S. Bank's first deed of trust on a residential property owned by Thunder remains a present interest in the property. We have jurisdiction under 28 U.S.C. § 1291. We vacate the district court's order dismissing U.S. Bank's action and remand for further proceedings.

Appellant U.S. Bank held a first deed of trust on a residential property in Cold Springs, Nevada. After the property owners fell behind on their homeowners association ("HOA") assessments, the HOA proceeded with a foreclosure sale, recording its election to sell the property in April 2010, selling the property in February 2011, and recording the sale on the same day it occurred. The buyer later sold the property to Westland Real Estate Development and Investments, which transferred its interest in the property to Appellee Thunder Properties, Inc. ("Thunder").

In August 2016, U.S. Bank sued Thunder in the United States District Court for the District of Nevada. U.S. Bank sought a declaration to quiet title, arguing that its deed of trust was not extinguished by the foreclosure sale and remains a present interest in the property. The district court granted Thunder's motion to dismiss U.S. Bank's claim for declaratory relief. The district court applied the five-year statute of limitations set forth in Nevada Revised Statutes §§ 11.070 and

2

11.080 for certain quiet title actions, reasoning that U.S. Bank's claim accrued and the five-year limitations period started to run on February 10, 2011, when the foreclosure sale took place and was recorded. The district court thus held that the claim was time-barred by the time U.S. Bank filed its Complaint in August 2016, approximately five and a half years later. U.S. Bank appealed the dismissal of its claim to this court.

We vacated submission, stayed further proceedings, and certified the following questions to the Nevada Supreme Court:

> (1) When a lienholder whose lien arises from a mortgage for the purchase of a property brings a claim seeking a declaratory judgment that the lien was not extinguished by a subsequent foreclosure sale of the property, is that claim exempt from statute of limitations under *City of Fernley v. Nevada Department of Taxation*, 366 P.3d 699 (Nev. 2016)?
>
> (2) If the claim described in (1) is subject to a statute of limitations:
>     (a) Which limitations period applies?
>     (b) What causes the limitations period to begin to run?

*U.S. Bank, N.A. v. Thunder Props., Inc.*, 958 F.3d 794, 796 (9th Cir. 2020).

The Nevada Supreme Court accepted these certified questions and, on February 3, 2022, issued an opinion answering them. *U.S. Bank, N.A. v. Thunder Props., Inc.*, No. 81129, 2022 WL 332614 (Nev. Feb. 3, 2022). The court held that declaratory relief actions are not categorically exempt from statutes of limitations under Nevada law, *id.* at *1-2, and that Nevada's four-year catch-all statute of limitations, Nev. Rev. Stat. § 11.220, applies to actions like this one to determine

3

the validity of a lien, *id.* at *3. The court further held that the statute of limitations does not begin to run until the titleholder affirmatively repudiates the lien or takes some action that is otherwise inconsistent with the lien's continued existence, *id.* at *5—and the court specified that a foreclosure sale does not necessarily meet these criteria for starting the limitations period, *id.* at *5-6.

On the record before us, we cannot determine whether such an action triggering the running of the limitations period has occurred and, consequently, we cannot determine whether U.S. Bank's action is time-barred by the four-year limitations period. Accordingly, we vacate the district court's order dismissing U.S. Bank's action and remand for further proceedings consistent with the Nevada Supreme Court's opinion answering our certified questions.

**VACATED and REMANDED.**